# THE STATE v. BEN SHIRLEY, Appellant.

## Division Two, March 7, 1911.

1. **BREAKING CUSTODY: Information: Commitment.** The law does not require the justice of the peace to designate the constable in the commitment committing an accused to the jail until the day of his trial or until he gives bail, and he need not be named in the indictment charging a breach of custody as the officer to whom the prisoner was committed, and if he is that recital may be considered as surplusage. The constable must take notice of the issuance of the commitment and deliver the prisoner and commitment to the jailer, and the warrant of arrest is his authority for holding the prisoner until he is so delivered.

2. ——: ——: **In Custody of Constable.** If an accused is arrested by the constable upon a warrant regularly issued, on a criminal charge, he remains in the custody of the constable until released under recognizance, or is discharged by order of the justice, or is delivered to the jailer of the county; and the issuance of a commitment commanding the jailer to receive and safely keep the prisoner, and its deliverance to the constable, does not any the more place the prisoner in his custody. The law contemplates that the commitment will be delivered to the jailer.

3. ——: **From Constable: After Commitment.** If the prisoner escape from the constable, after a commitment to the jailer has been issued, for failure to give recognizance to appear at his trial, and he escapes before he has been delivered to the jailer, the indictment should charge the offense of breaking custody from the constable, under Sec. 4382, R. S. 1909.

4. ——: ——: **In Another County.** Where the constable, at the request of the prisoner, after a commitment had been issued, started out to find persons who would go his bail bond, and they had passed beyond the boundary line of the county where the offense was committed and the warrant was issued, and while there the constable permitted him to cross back into that county, and he there escaped, he carried his custody with him, and his escape was in the county of his arrest, where the constable by reason of his warrant of arrest had full power to hold him.

5. ——: **Variance: Different Initials.** Where the indictment charges the justice before whom defendant was arraigned to be J. S. Keener, and the evidence shows that his name was

J. L. Keener and describes the office he held, there was no material variance.

6. ―――: **Oral Evidence of Record Matters.** Oral evidence of the filing and contents of the information and warrant charging defendant, who is being prosecuted for breaking custody and escaping, with selling intoxicating liquors without a license, and oral evidence of the docket entries made by the justice, there being no evidence that they were lost or not obtainable, was reversible error.

7. **INSTRUCTION: Documentary Evidence.** When documentary evidence is introduced, it becomes the duty of the court by instruction to inform the jury of its legal effect.

Appeal from Taney Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*R. C. Ford* for appellant.

(1) There can be no escape when the party charged was not in the lawful custody of the officer. The only authority for the officer to hold the appellant was the warrant of commitment and it did not place him in the custody of the constable. Custody implies physical force sufficient to restrain a prisoner from going at large. No moral obligation can be substituted for it. The moment compulsion and force are withdrawn there is no custody. (2) Words and Phrases, 1801; Black's Dictionary, 312; Rapalje and Lawrence, Dictionary, 331; Wilks v. Slaughter, 10 N. C. 211; Smith v. Commonwealth, 59 Pa. St. 320. As the warrant of commitment did not place the appellant in the custody of the constable no verbal direction of the justice of the peace could place him in lawful custody. Church on Habeas Corpus, 169; Lilly v. State, 3 Mo. 8; Heaton v. Crain, 88 N. Y. Supp. 303. (2) Defendant's objection to the introduction of any evidence should have been sustained. The information does not charge him with being lawfully in the custody

of the officer. The warrant of commitment, if it placed him in the custody of any officer, placed him in the hands of the jailer. State v. Maloney, 118 Mo. 112; State v. Griffe, 118 Mo. 188; State v. Shoemaker, 7 Mo. 117.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) Escape, in general, is understood, where a person who is under lawful arrest and restrained of his liberty, either voluntarily or privily evades such arrest and restraint, or is suffered to go at large before delivered by due course of law. 11 Am. & Eng. Ency. Law (2 Ed.) p. 261; State v. Sutton, 84 N. E. 824. At common law there are but two kinds of escape, one lawful or voluntarily, the other negligent. Martin v. State, 32 Ark. 126; Adam v. Turrentine, 8 Ired. (30 N. C.) 50. An escape may be without force. 11 Am. & Eng. Ency. Law, p. 262. An escape takes place whenever the person unlawfully departs from the custody of the law, though unguarded at the time. 2 Current Law, p. 1271; State v. Wright, 69 At. (Vt.) 761. (2) The information is sufficient in form and substance. It charges the offense in the language of the statute, and is sufficient to apprise appellant of the nature and cause of the accusation against him. R. S. 1909, sec. 4382; State v. Whalen, 98 Mo. 222; State v. Lewis, 19 Kas. 260; 2 Chitty, Crim. Law, secs. 158-159, p. 157. (3) Appellant complains in his exceptions to the ruling of the court in admitting the witness to testify as to the contents of the charge filed against the appellant with the justice of the peace, Kenner, for selling liquor without a license, and also to the witness testifying to the commitment issued by the justice, delivered to the constable, and by him served upon appellant, and under which he took custody of the appel-

lant; that those papers themselves would have been the best evidence.

No bill of exceptions having been filed according to law nothing can be considered by this court but the record proper. If the court finds the evidence should be considered, there was some evidence that these papers had been searched for by the justice and the constable, and that they were unable to find them, therefore, if the papers were lost, it was proper for the officer to testify as to their contents, and the secondary evidence is admissable. This has been the ruling of this court many times. 1 Greenleaf on Ev., secs. 81, 82, 83, 84, 85, 86; State v. Barnett, 110 Mo. App. 592; State v. Barrington, 198 Mo. 23. (4) Appellant undertakes to show that the crime was committed in Ozark county. Appellant did not take the stand, but the evidence clearly shows that the crime was committed in Taney county and the instructions of the court properly told the jury that if the constable gave the appellant permission to go into said building, then the place to which the constable gave appellant permission to go would be the place whence he escaped. R. S. 1909, sec. 4940. (5) The bill of exceptions is not identified nor authenticated. The record proper and the bill of exceptions are so intermingled that it is impossible to tell one from the other, or where one begins and the other ends, therefore, there is nothing before the court but the record proper. Reno v. FitzJarrell, 163 Mo. 411; State v. Baty, 166 Mo. 561; State v. Weinegard, 168 Mo. 490; Clay v. Wholesale Pub. Co., 200 Mo. 673; Stark v. Zehnder, 204 Mo. l. c. 448.

BROWN, J.—Defendant was convicted of breaking custody and escaping before conviction, as prohibited by section 4382, Revised Statutes 1909, and from a judgment fixing his punishment at two years in the penitentiary appeals to this court.

The defendant was arrested upon an information and warrant charging him with selling intoxicating liquors without a license, in Taney county. He was arraigned before one J. L. Keener, a justice of the peace of that county, and pleading not guilty and failing to enter into a recognizance for his appearance on the day to which the case was continued, the justice issued a commitment, commanding the jailer of Taney county to receive the defendant and confine him until he should by due course of law be discharged. This commitment was delivered to one Dan Johnson, the constable for Beaver township, in Taney county, who at that time held the defendant in custody upon the original warrant under which he had been arrested.

This constable, at the request of the defendant, started out to find parties who would sign a recognizance for his appearance on the day fixed for the trial, and when they had passed into the edge of Ozark county, the constable gave the defendant permission to go into a house which stood across the line in Taney county, and while in or near this house, the defendant escaped.

The following errors are assigned by defendant's counsel: That the information does not charge that defendant was in the custody of the constable at the time of the alleged escape; that the commitment being directed only to the jailer, did not confer custody of the defendant upon the constable; that if the constable ever had any such custody, it was terminated by permitting the defendant to leave his immediate presence and that if there was any escape or breaking of custody, it occurred in Ozark county and not in Taney, in which latter county this prosecution was instituted; that there is a fatal variance between the information and the evidence; that the court admitted improper evidence on the part of the State; and that the instructions did not correctly declare the law.

## OPINION.

The information charges that Dan Johnson, constable of Beaver township, in Taney county, brought the defendant before one J. S. Keener, a justice of the peace of that township, on December 18th, 1909, where he was charged in an information filed by the prosecuting attorney, with the crime of selling intoxicating liquors without a license; that the defendant's trial was set for January ————, 1910, and upon his failure to enter into a recognizance for his appearance on the day of the trial, said justice issued a commitment, commanding the jailer of Taney county to receive and safely keep the defendant until by due course of law he should be discharged. The information further charges that: ''said warrant, afterwards, to-wit, on the day and year aforesaid, at the township and county aforesaid, was delivered to the said Dan Johnson, then being constable of said Beaver Township, aforesaid, and then and there having the said Ben Shirley in his custody for the cause aforesaid, and the said Dan Johnson was commanded and required by the said J. L. Keener, the justice as aforesaid, to convey the said Ben Shirley forthwith to said jail and to deliver the said Ben Shirley to the jailer of said county jail, together with the warrant aforesaid . . . and whilst the said Ben Shirley continued in said custody and before he was delivered by the said Dan Johnson to the jailer and keeper of the county jail of said county, the said custody of the said Dan Johnson unlawfully and feloniously did break, and out of the custody of the said Dan Johnson unlawfully and feloniously did escape and go at large whithersoever he would, against the peace and dignity of the State.''

The evidence indicated that the constable Johnson had arrested the defendant and brought him before the justice on a warrant.

Defendant's attorney earnestly contends that the foregoing information does not charge the commission of any crime, in this, that it omits to recite that the commitment was directed to the constable and therefore contains no averment that the defendant was in the custody of the constable at the time of the alleged escape.

The information contains many unnecessary and some repugnant allegations, but these we are required to treat as surplusage. [R. S. 1909, sec. 5115.] It would have been valid without reciting the commitment.

The law does not make the justice of the peace a jailer, and if defendant was arrested by the constable upon a warrant regularly issued, on a criminal charge, he remained in the custody of such constable until released under recognizance, discharged by order of the justice, or delivered to the jailer of the county.

While the constable is not by express terms authorized to take a prisoner to the county jail without a process commanding him so to do, when the various provisions of the law are read together, we think he is clearly invested with that power. The constable is but an arm of the justice's court through which its processes and orders are executed. When a prisoner is in the custody of the constable and such prisoner secures a change of venue, the constable must take notice of that fact and produce the defendant before the justice to whom the change of venue is awarded, and for that purpose, no commitment or additional process is required. [R. S. 1909, sec. 4984.]

As the law does not require the justice to designate the constable in a commitment, it follows that he need not be named in such commitment, but must take notice of the issuance thereof and deliver the prisoner and commitment to the county jailer.

In the case of Turner v. Wilson, 49 Ind. l. c. 585, Judge BIDDLE, in speaking for the Supreme Court of

that State, aptly said: "A person arrested by law and put in the custody of the law, remains in custody either actually or potentially until discharged according to law."

In Thomas v. County of St. Louis, 61 Mo. 547, this court said: "When a prisoner is arrested under a *capias,* he is held thereunder until he has been either bailed, committed or discharged."

The offense for which the defendant was arraigned before the justice was only a misdemeanor, and the constable had the power to take his recognizance for his appearance on the day fixed for the trial. [R. S. 1909, sec. 5126.]

The reason for requiring the issuing of a commitment arose from the fact that the defendant was to pass out of the custody of the constable, and it was necessary for the keeper of the county jail to be legally informed that the defendant was under arrest upon a charge of violating a criminal law, so that the said jailer would have full evidence of his right to imprison the defendant and be prepared to justify his custody, if called upon by writ of *habeas corpus.* The law contemplates that the commitment should be delivered to the jailer.

The defendant was already in the lawful custody of the constable, and it would have been an idle formality to have undertaken by commitment to increase his right to the custody of the said defendant. Hence, we must rule that the indictment properly charged the offense of breaking custody, under section 4382, Revised Statutes 1909.

Another assignment of error is that there was no breach of custody on the part of the defendant because the constable while standing just across the line in Ozark county, permitted the defendant to come back into Taney county to a house some sixty to one hundred yards away, and that by taking the defendant outside of Taney county and consenting for him to leave

the immediate presence of the constable, his custody was thereby terminated. We do not find any merit in this assignment. The evidence as to the location of the boundaries between Ozark and Taney counties is somewhat hazy, and practically all the witnesses testified that the house where defendant was permitted by the constable to go and at or in which he made his escape, is located in Taney county. The constable's permission to the defendant to go to this house carried his custody to that house, so that the escape took place in Taney county, where the constable by reason of his original warrant of arrest had full power to hold the defendant. [State v. Wright, 69 Atl. 761; Riley v. State, 16 Conn. 47.]

In the case of Riley v. State, supra, a prisoner was granted permission by the jailer to go about the jailer's yard and to his barn some distance away, and while at the barn and when no guard was in sight, escaped. In affirming a conviction for unlawful escape, the Supreme Court of Connecticut said: "The prisoner cannot shield himself under the misconduct of the jailer. The law has not clothed the latter with the pardoning power."

The alleged variance complained of by the defendant is that the name of the justice before whom the defendant was arraigned before his escape, is charged in the information as J. S. Keener, while from the evidence his correct name appears to be J. L. Keener. This variance was so slight that when the name of the justice as charged was supplemented by a description of the office which he held, we do not believe it was in any way calculated to mislead the defendant to his prejudice; and we find that the trial court properly so held. [R. S. 1909, sec. 5114; State v. Jackson, 221 Mo. 478.]

The defendant's assignment that the court committed error in admitting oral evidence of the filing and contents of the information and warrant charging

him with selling intoxicating liquors without a license as well as oral evidence of the docket entries made by the justice, is well taken. There was no evidence that the information, warrant or justice's docket were lost, and the justice, after stating that he had these documents in his possession but had left them at home, was not entitled to give oral evidence of their contents, over the objection of the defendant; and the court's ruling in permitting this to be done, was a clear violation of the well known rule of law which prohibits the admission of oral evidence to prove the contents of public records and written documents. [State v. Dougherty, 106 Mo. 182.; Wharton's Crim. Ev. (8 Ed.), 129.]

Instruction numbered 1 given for the State is erroneous. It should have informed the jury that the warrant under which the defendant was arrested conferred upon the constable the lawful custody of the defendant at the time of the alleged escape, and authorized said constable to take the defendant to the county jail for his failure to enter into a recognizance, as required by the justice. When documentary evidence is introduced, it becomes the duty of the court by instruction to inform the jury of its legal effect. [State v. Prine, 25 Iowa 231.]

As the judgment must be reversed, upon a retrial the proof of the alleged charge upon which the defendant was arraigned in the justice court should be made by introducing the original information, the warrant upon which the defendant was arrested, and the constable's return thereon, together with the justice's docket, showing the entries therein pertaining to that case, or copies of said information, warrant and docket entries duly certified by Justice Keener, or the person in whose lawful custody such documents may be. [R. S. 1909, secs. 6333, 6334, 6335.]

For the error of the trial court in admitting oral evidence of the filing and contents of the information, and the issuance of the warrant and docket entries

of the justice, without proof that the same had been lost or were not within the power of the State to produce, the judgment is reversed and the cause remanded. *Kennish, P. J.,* and *Ferriss, J.,* concur.