[Crim. No. 1330. Third Appellate District.—March 14, 1934.]

THE PEOPLE, Respondent, v. REGINALD BELKNAP, Appellant.

Reginald Belknap, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Jess Hession, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—An information was filed against defendant in the county of Napa for issuing a check upon a bank with intent to defraud. During his confinement in the county jail, awaiting trial upon this charge, a second charge was filed against him wherein it was alleged he wilfully, unlawfully and feloniously broke and escaped from said Napa County jail while confined therein awaiting trial upon the charge above set forth. Upon this latter charge he was tried and convicted and from that verdict and judgment prosecutes this appeal.

None of the points urged by appellant merit an extended examination.

■ The first point presented by defendant is that he was not lawfully confined in the county jail of Napa County at the time of his escape therefrom, because, as he claims, he was arrested upon the charge of fraud by the sheriff of Solano County who, at the time of arrest, did not personally have a warrant directing him so to do. One of the many answers that might be made to this objection is that at the time of defendant's attempted escape from the county jail

he was then being held by the sheriff of Napa County, not by virtue of the process complained of, but by an order by a committing magistrate after a preliminary hearing.

The second point raised by appellant is directed against the original charge of issuing a check with intent to defraud. The merits of that charge were not an issue before the trial court and are not here under consideration.

The third point is unintelligible, and the fourth point is, the district attorney suggested to the court at the time of judgment and sentence, that defendant must be insane to attempt to conduct his own case without aid of counsel and to present to the jury the argument which he did at the conclusion of the testimony.

The trial judge determined and so declared that in his mind there was no question as to the sanity of the defendant and in his opinion he was sane, and thereupon proceeded to impose the sentence prescribed by law. Appellant never raised the issue of insanity, and as stated by the trial judge, no doubt arose as to the sanity of the defendant at any time during the pendency of the action or at the time of judgment. It is only when a doubt arises that section 1368 of the Penal Code is applicable.

Appellant here has conducted his own appeal and the issues have been presented in a very informal and incomplete manner. We have, however, in behalf of appellant, examined the entire record and can find nothing that would warrant a new trial. The trial judge was every patient and liberal in his rulings in behalf of appellant and allowed him wide latitude in his examination of the witnesses and in the process of the court.

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.