[Crim. No. 672.   Fourth Dist.   June 24, 1949.]

THE PEOPLE, Respondent, v. WILLIAM KENNETH McPHEELEY, Appellant.

Taylor F. Peterson for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged by an information with a felony in that he did wilfully, unlawfully and feloniously escape from the California Institution for Men at Chino, California, while confined therein as a prisoner. He entered a plea of not guilty to the charge, waived trial by jury, and after a trial by the court was found guilty. Thereafter judgment was pronounced and defendant was sentenced to imprisonment in the state prison at San Quentin for the term prescribed by law, such sentence to run concurrently with any sentence defendant was under obligation to serve by reason of a prior conviction.

On January 26, 1948, defendant was committed to the state prison at San Quentin from Yolo County upon a charge denominated an "unlawful taking of a motor vehicle, a felony," and defendant's appeal is based solely on the ground that this commitment was void and defendant's imprisonment in the California Institution for Men at Chino, to which prison he was transferred, was without authority. He argues that since the commitment was void he could not be guilty of the escape charge.

The material part of the information filed against the defendant in Yolo County was as follows:

"The said WILLIAM KENNETH McPHEELEY and JOSEPH WELDON MOODY are accused by the District Attorney of and for the County of Yolo, State of California, by this Information of the crime of unlawful taking of a motor vehicle, a felony, committed as follows to-wit:

"That the said WILLIAM KENNETH McPHEELEY and JOSEPH WELDON MOODY, on or about the 27th day of December, 1947, at and in the County of Yolo, State of California, then and there being did wilfully, unlawfully and feloniously drive and take a certain vehicle, to-wit a Frazer Sedan, which was then and there of the personal property of Thelma Marie Davis and J. G. Davis, without the consent of the said Thelma Marie Davis and J. G. Davis with the intent to deprive the said owners, Thelma Marie Davis and J. G. Davis, of their title to and possession of said vehicle."

Following defendant's plea of guilty to the above charge, judgment was pronounced against him, in which judgment it was recited that defendant had entered a plea of guilty to the charge contained in the information. Thereupon defendant was sentenced to the state prison at San Quentin and no appeal was taken from that judgment.

It is apparent that the information sufficiently charged the offense of grand theft under the statute. (*People* v. *Israel,* 91 Cal.App.2d 773, 778 [206 P.2d 62].) Defendant pleaded guilty and thereby admitted all the elements of the offense charged. (*People* v. *Brown,* 140 Cal.App. 616, 619 [36 P.2d 194]; *People* v. *Outcault,* 90 Cal.App.2d 25, 29 [202 P.2d 602].) The judgment based thereon was valid and we see no merit in defendant's contention, raised for the first time in the instant case, that the judgment of January 26, 1948, convicting him of the unlawful taking of a motor vehicle, a felony, might have been a judgment of conviction of any one of three separate and distinct penal statutes, namely, section 499b of the Penal Code, section 503 of the Vehicle Code, or section 487 of the Penal Code.

Penal Code, section 499b, provides that any person taking an automobile for the purpose of temporarily using or operating it, without the permission of the owner, shall be guilty of a misdemeanor. The information filed in Yolo County charged the defendant with a felony and he was found guilty of a felony and not the misdemeanor referred to in section 499b of the Penal Code.

We need not here decide whether the offense specified in section 503 of the Vehicle Code is included within the offense of grand theft under Penal Code, section 487, as an offender may be punished but once for the single act of taking an automobile without the permission of the owner. Both statutes are part of legislation to prevent the taking of an automobile without the owner's consent. (*People* v. *Kehoe*, 33 Cal.2d 711, 715 [204 P.2d 321].)

In the instant case the judgment in Yolo County provided that the defendant be imprisoned in the state prison at San Quentin, a punishment authorized for a violation of section 503 of the Vehicle Code, or section 487 of the Penal Code, and defendant is not now prejudiced thereby. (*People* v. *Dallas*, 42 Cal.App.2d 596, 604 [109 P.2d 409].)

Defendant did not demur or otherwise object to the information filed in the Superior Court in Yolo County, nor did he appeal from the judgment based on his plea of guilty to such information. As stated in *People* v. *Perfetti*, 88 Cal.App. 609, 615 [264 P. 318]:

"When the particulars of an offense, or if in this case the particular results of the defendant's actions were not stated with sufficient clarity to satisfy the defendant or to enable him to more ably present his defense, it was his duty to demur thereto as provided by section 1004 of the Penal Code, or if more than one offense was charged, it was such duty."

(See, also, *People* v. *Welton*, 190 Cal. 236, 238 [211 P. 802].)

The commitment from Yolo County was based on a valid judgment and is in effect a certified copy of the judgment rendered, and if in fact it was defective in form, a new and corrected one may be issued to conform to the judgment. (*People* v. *Sourisseau*, 62 Cal.App.2d 917, 929 [145 P.2d 916].) Since we have concluded that the judgment upon which this commitment was issued is valid, the commitment was sufficient authority, together with the order of transfer to the California Institution for Men at Chino, to authorize defendant's detention therein as a prisoner.

At the trial of the instant case properly certified copies of the prison records of defendant were admitted in evidence, showing a copy of the commitment and judgment from Yolo County, and other prison records kept by the prison authorities under section 2083 of the Penal Code, including an order of transfer of defendant from San Quentin Prison to the California Institution for Men at Chino. These records showed a receipt of defendant at Chino on April 27,

1948, and his escape therefrom on July 5, 1948. It was stipulated that defendant had been received at Chino on or about April 27, 1948; that on or about the 5th of July, 1948, it was discovered that he was missing; that defendant was apprehended and returned to custody; that defendant had been confined in the California Institution for Men at Chino under the custody of the proper officers at said institution whose duty it was to have charge of such prisoners; that defendant had not been released by official action and that defendant was the same individual who had been found to be missing from the California Institution for Men.

The evidence was sufficient to sustain the conviction of the crime of escape from a state prison.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.