[Crim. No. 1188.    Fourth Dist.    Aug. 22, 1958.]

THE PEOPLE, Respondent, v. ALBERT DELMER JONES, Appellant.

Harold A. Bailin, under appointment by the District Court of Appeal, and Thorne & Bailin for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was charged with having escaped from the state prison at Chino in violation of the provisions of section 4530 of the Penal Code. He entered a plea of not guilty and waived his right to be tried before a jury. Trial was then held before the court and appellant was found guilty of the offense charged in the information. He was sentenced to the state's prison for the term prescribed by law and appeals from the judgment.

On June 21, 1957, appellant, who was a prisoner confined in the California Institution for Men at Chino, failed to report to the prison dormitory for the prisoner count made at 7:20 a. m. The prison authorities then conducted a search throughout the institution and surrounding grounds but were unable to locate the appellant. He had left the institution without obtaining permission from the prison officials and was later apprehended in Oregon and returned to San Bernardino County.

In a statement made to the county agent who went to Oregon to return him to San Bernardino, he, the appellant, admitted

that on June 21, 1957, he left the mess hall and went into a field, where he lay until darkness fell; that he then walked to Los Angeles, where he obtained food and clothing and a temporary job, later going to Oregon. Appellant made no effort at the trial to refute these facts but contended that his incarceration at the state prison at the time of his escape was not based upon a legal, valid conviction. However, the certified commitment papers covering appellant's incarceration at the prison were admitted into evidence without objection and show that an information filed in Glenn County charged appellant with having committed the crime of robbery with a deadly weapon and that appellant pleaded not guilty by reason of insanity; that a trial before a jury was held and appellant was represented by counsel; that the jury found that appellant was sane on the day and at the time the robbery occurred and he was sentenced to imprisonment in the state's prison. The commitment papers also contained the statement prepared for the Department of Corrections by the trial judge and district attorney, which statement recites the following history of the crime:

". . . On January 21, 1957, defendant was without funds and was on his way from Ashland, Oregon, to Hayward, California. He had thirty cents in his pocket and stopped at a café and bought a cup of coffee and a couple of doughnuts. He then went across the street to a service station and had his car filled with gasoline. He then took a gun which he had in his possession and told the service station attendant to open the cash register and give him the money. The service station attendant did so, giving the defendant around $35.00. After the defendant left in his car, the service station attendant called the Sheriff's Office and reported the crime. The defendant was apprehended by the Sheriff of Glenn County, who gave pursuit to the defendant's car, at Maxwell which is located approximately twenty miles south of Willows.

"Defendant pleaded not guilty by reason of insanity. He was examined by R. B. Teller, M.D. and Daniel Lieberman, M.D., Court appointed psychiatrists. Upon a jury trial on February 20, 1957, of the defendant's sanity, he was found by the jury to be sane. Because of the nature of the offense, armed robbery, defendant was not eligible for probation and on March 1, 1957, defendant was sentenced by the Court to the State Prison at San Quentin for the term prescribed by law."

The record shows that appellant did not move for a new

trial or appeal from the judgment of conviction in Glenn County or maintain any proceedings to establish that his trial there was improper or invalid. The judgment in that county became final and resulted in appellant's being confined in lawful custody of the Department of Corrections at one of its institutions.

In *People* v. *Ganger,* 97 Cal.App.2d 11, 13 [217 P.2d 41], it is said that if a defendant has reason to believe that his imprisonment is illegal he must apply for his release and not take it upon himself to terminate his incarceration by escaping. Citing *Whitaker* v. *Commonwealth,* 188 Ky. 95 [221 S.W. 215, 216, 10 A.L.R. 145, 146], as stating that ". . . whatever his legal rights, defendant had his legal remedy; that he was not justified in leaving the jail of his own volition, and his departure from lawful custody before his discharge by process of law was an escape."

In *People* v. *Scherbing,* 93 Cal.App.2d 736, 743 [209 P.2d 796], the court said:

"There are cases holding that one unlawfully confined who escapes from such confinement, where the confinement is without color of authority, does not violate a statute making it unlawful to 'escape' from prison. (*People* v. *Clark,* 69 Cal. App. 520 [231 P. 590]; *People* v. *Ah Teung,* 92 Cal. 421 [28 P. 577, 15 L.R.A. 190].) These cases, however, deal with situations where a person has been confined either without any authority at all or where the judgment was void on its face. But where the imprisonment is made under authority of law and the process is simply irregular in form, or the statute under which he is confined is unconstitutional, the escape is unlawful. (*People* v. *Ah Teung,* 92 Cal. 421 [28 P. 577, 15 L.R.A. 190]; *People* v. *Howard,* 120 Cal.App. 45 [8 P.2d 176]; *People* v. *Belknap,* 137 Cal.App. 366 [30 P.2d 576]; *People* v. *Crider,* 76 Cal.App. 101 [244 P. 113]; *People* v. *McPheeley,* 92 Cal.App.2d 589 [207 P.2d 651].) This is likewise the general rule in other states. (*Kelley* v. *Meyers,* 124 Ore. 322 [263 P. 903, 56 A.L.R. 661]; *People* v. *Hunt,* 229 App.Div. 419 [242 N.Y.S. 105]; *People* v. *Hunt,* 244 N.Y.S. 790.) It is also the view adopted by the federal courts. (*Aderhold* v. *Soileau,* 67 F.2d 259; *Giese* v. *United States,* 143 F.2d 633; *United States* v. *Jerome,* 130 F.2d 514 (rev. on other grounds 318 U.S. 101 [63 S.Ct. 483, 87 L.Ed. 640]); *Bayless* v. *United States,* 141 F.2d 578 (cert. den., 322 U.S. 748 [64 S.Ct. 1157, 88 L.Ed. 1580]).) (Many cases are collected and commented upon in annotations in 56 American Law Reports,

page 666, and 163 American Law Reports, page 1137.) These cases make sense. To allow prisoners to use force to escape and then to permit the defense that they were unlawfully confined, would create chaos in a prison. In a democracy the right of self help is seldom permitted. Resort to the courts is the normal and traditional method of correcting an unlawful confinement. While some argument can be made that an inmate has a lawful right to escape where his confinement is completely unlawful, because the constitutional right of freedom has been infringed, no one has a lawful right to possess a knife or other dangerous weapon while confined in a prison.''

■ We conclude that appellant was lawfully confined in the state's prison at Chino and that he cannot now maintain as a defense to the escape charge that the trial court erred in striking his testimony to the effect that in the superior court of Glenn County he had pleaded not guilty by reason of insanity to the charge of robbery in the belief that he was to receive an additional trial on a plea of not guilty, a plea which was not entered in the said court.

■ Appellant argues that he was denied the right to present important evidence in support of his claim of innocence in that the trial judge did not instruct or order the Glenn County officials to furnish him with a transcript of the proceedings in the robbery case. There is no merit to this contention. The only claimed invalidity of the judgment in that case was based on the statement of defendant that he thought he would have an additional trial on a plea of not guilty. Appellant's motion to obtain an order for a transcript was supported by the affidavit of his counsel, in which counsel stated that appellant had advised him that he had not entered a plea of guilty and that he was not tried on the issue of guilt. It is apparent that the truth or falsity of appellant's statement could have been readily ascertained by defendant's counsel without the preparation of the complete transcript. Under these circumstances there was no reversible error in refusing to order a complete transcript of the proceedings at the robbery trial.

Section 4530 of the Penal Code provides that ''Every prisoner confined in a state prison who escapes or attempts to escape therefrom, is punishable by imprisonment in a state prison for a term of not less than one year; said second term of imprisonment to commence from the time he would otherwise have been discharged from prison. No additional probational report shall be required with respect to such offense.''

In *People* v. *Quijada,* 53 Cal.App. 39, 41 [199 P. 854], it is said that ''The term 'escape' is not defined in the code, but a definition as clear and concise as any found in the authorities is, 'the unlawful departure of a prisoner from the limits of his custody.' ''

In the instant case appellant was incarcerated in prison by virtue of a commitment valid on its face. He was therefore lawfully in custody and his departure therefrom to the state of Oregon constituted escape within the meaning of section 4530 of the Penal Code.

Judgment affirmed.

Griffin, P. J., concurred.

A petition for a rehearing was denied September 8, 1958, and appellant's petition for a hearing by the Supreme Court was denied October 15, 1958.