**STATE of Missouri, Respondent,**

v.

**Paul PACE, Appellant.**

**No. 51852.**

Supreme Court of Missouri,
Division No. 2.

May 9, 1966.

L. Glen Zahnd, Savannah, for appellant.

Norman H. Anderson, Atty. Gen., Howard L. McFadden, Asst. Atty. Gen., Jefferson City, for respondent.

EAGER, Presiding Judge.

The defendant has appealed from the denial of his motion to vacate a judgment of conviction, the motion being filed pursuant to our Rule 27.26, V.A.M.R. The judgment was entered upon a plea of guilty to an information alleging that defendant had, on or about December 21, 1964, unlawfully and feloniously escaped from the Andrew County jail while confined there, before conviction, for the violation of a penal statute. See Section 557.390, RSMo 1959, V.A.M.S. The requirement of the statute is that the defendant be "lawfully imprisoned or detained * * * upon any criminal charge, before conviction," and that he break prison or escape therefrom.

The plea of guilty to the escape charge was made and received on March 31, 1965, with counsel present, and defendant was sentenced to serve a term of two years. On August 9, 1965, he filed the motion to vacate that judgment. From his own statements in that motion the following facts appear: he had previously been arrested on a warrant issued by the Magistrate of Andrew County charging him with the "taking and carrying away" of a tractor and trailer on or about May 1, 1961, and he had been imprisoned in the Andrew County jail; that thereafter he was "accused of escaping" therefrom; that he waived extradition and was returned to Missouri for trial; that on March 31, 1965, the original stealing case against him was dismissed and he was also sentenced to imprisonment for two years on the escape charge. It is not shown, nor is it material to know, which of those latter events occurred first.

It is defendant's contention that no lawful "imprisonment, arrest, or accusation" was proven or made, and that there was no foundation for a charge of escape; and that, therefore, he should be discharged from the judgment and sentence therefor. His sole additional point is that the information on the escape charge was void because it was only verified by the Prosecuting Attorney upon information and belief, whereas it should have been supported by the affidavit of someone competent to testify.

■ On the first point he cites the case of State v. King, Mo., 372 S.W.2d 857, which, as we shall see, in no way supports his position. His contention is not elaborated, but it seems to rest solely on the proposition that the original stealing charge was dismissed and that, consequently, he was never lawfully imprisoned. It is material to note the dates: the alleged theft occurred on or about May 1, 1961; he was not arrested on that charge until November 14, 1964, at which time he was imprisoned; he escaped on or about December 21, 1964, approximately five weeks after his arrest; the information on the escape charge was filed on January 6, 1965, and thereafter, according to defendant's own statement, it was necessary to return him from another state. We thus see that while imprisoned in a county jail upon a warrant "issued by the Magistrate Court of Andrew County" upon a criminal charge, he escaped. His statement that he was "accused of escaping" is the equivalent of a statement that he did escape, in view of his plea of guilty to the charge. He does not attack the validity of his original incarceration but, so far as we can tell, relies solely upon the fact that the stealing charge was dismissed at substantially the time he was sentenced for the escape; however, this was long after his actual escape.

The case of State v. King, Mo., 372 S.W.2d 857, involved the attempted escape of three inmates of the penitentiary. While the escape charge against King was pending, he sought to attack the validity of his original fifteen year sentence for robbery, doing so in a court which had no jurisdic-

tion of that proceeding. The appeal was from his conviction for the attempted escape, and the court held that his claim of the invalidity of the prior conviction (which was the cause of his being in the penitentiary) could not affect the validity of his escape conviction. In so ruling the court said, in part quoting, loc. cit. 859: "As of course an escape presupposes a lawful custody, but a prisoner may not defy his custodian merely because his sentence is irregular or voidable. 30 C.J.S. Escape § 5 a c pp. 1143, 1144. It may be assumed that one charged with an attempt to escape may defend 'by showing that he * * * was not "lawfully" imprisoned at the time of the alleged escape.' Annotation 70 A. L.R.2d 1430, 1434; 30 C.J.S. Escape §§ 10, 15, pp. 1147, 1148. Nevertheless, for reasons which need not be repeated here, '(n)ot necessarily inconsistent with the rule that escape is justifiable where the imprisonment is "unlawful" are a number of cases holding that where the imprisonment is under color of law, the prisoner is not entitled to resort to self-help but must apply for his release through regular legal channels, even though he might be able to show such defects in the procedure by which he was arrested, tried, sentenced, committed or imprisoned as to justify or require his release on appeal or habeas corpus.' 70 A.L. R.2d 1. c. 1437."

In State v. Shirley, 233 Mo. 335, 135 S.W. 1, the defendant was contesting the validity of his custody by a constable from whom he escaped; the court said, quoting from Turner v. Wilson, 49 Ind. 581, loc. cit. 585: "'A person arrested by law and put in the custody of the law remains in custody either actually or potentially until discharged according to law.'" There are sundry authorities on this subject from other states and from the federal courts. In Godwin v. United States (C.A. 8), 185 F.2d 411, the defendant was indicted in Florida, arrested in Texas, arraigned, and confined in an Arkansas jail; he escaped about seven days after his arrest and four days after his formal commitment; he was subsequent-

ly indicted and convicted for the escape. Just prior to the return of the indictment for escape, the original Florida indictment was dismissed, but this action was taken approximately six months after his actual escape. On appeal the defendant contended that the dismissal of the indictment "had the effect of validating his escape." The court said, 185 F.2d loc. cit. 413: "The defendant now contends that he is entitled to a reversal of the judgment on the grounds that, at the time he escaped, he was not being held under legal process and that the subsequent dismissal of the Florida indictment had the effect of validating his escape. We think there is no merit in these contentions. The defendant could not test the propriety of his confinement in the Miller County jail by forceably escaping from it. Aderhold v. Soileau, 5 Cir., 67 F.2d 259, 260; Bayless v. United States, 9 Cir., 141 F.2d 578, 579–580. At the time of his escape, the defendant was a federal prisoner in custody by virtue of process issued under the laws of the United States within the meaning of Sec. 751, Title 18, U.S.C.A. The subsequent dismissal of the Florida indictment in December, 1949, is of no legal consequence in the instant case." See also: State ex rel. Wilson v. Culver, Fla., 110 So. 2d 674; People of the State of Illinois v. Hill, 17 Ill.2d 112, 160 N.E.2d 779; United States v. Jerome (C.A. 2), 130 F.2d 514; People of the State of California v. Jones, 163 Cal.App.2d 118, 329 P.2d 37; Lucas v. United States (C.A. 9), 325 F.2d 867.

The authorities hold that neither the actual guilt nor innocence of the defendant upon the original charge, the invalidity of the original information or indictment, his subsequent acquittal, or the reversal of his conviction on appeal, constitutes any defense to the subsequent, independent and substantive charge of *escape*. Hill, Godwin and Jerome, supra; Tann v. Commonwealth of Virginia, 190 Va. 154, 56 S.E.2d 47; People v. Ah Teung, 92 Cal. 421, 28 P. 577, 15 L.R.A. 190; Moore v. Commonwealth of Kentucky, 301 Ky. 851, 193 S.W. 2d 448, 163 A.L.R. 1134; Jones v. State,

158 Miss. 366, 130 So. 506; Ex parte Ah Bau, 10 Nev. 264; Commonwealth ex rel. Banky v. Ashe, 142 Pa.Super. 396, 16 A. 2d 668; Bayless v. United States (C.A. 9), 141 F.2d 578, certiorari denied 322 U.S. 748, 64 S.Ct. 1157, 88 L.Ed. 1580.

■ It thus clearly appears that defendant was lawfully arrested and imprisoned upon a criminal charge and a warrant regularly filed and issued, which procedure he does not attack even now, except for the collateral fact that the charge was dismissed some three months after his escape. We do not know the reasons for the dismissal, nor are they material. The defendant had no right to determine for himself the validity of the stealing charge against him by breaking jail; he could only be discharged according to law. The present motion merely constitutes an attack upon the subsequent and substantive conviction for escape, and the fact of the dismissal of the prior charge is wholly immaterial.

■ The other point, which will require little discussion, is that the present information is defective because it was verified by the Prosecuting Attorney upon information and belief. We shall assume this to be true, although the verification is not shown in the transcript. Both our Criminal Rule 24.16 and § 545.240, RSMo 1959, V.A.M.S. expressly provide that the Prosecuting Attorney may verify an information upon information and belief. "The verification of the information by a prosecuting attorney may be upon information and belief, as this one is. Section 545.240 RSMo 1959, V.A.M.S. It is only where the information is supported by the affidavit of a private individual that such person must have actual knowledge of the offense; where the prosecutor verifies the information it may be based 'upon such information as he may feel warranted in believing and relying upon.' State v. Stewart, 274 Mo. 649, 204 S.W. 10, 12, and cases there cited. The point is wholly without merit." State v. Statler, Mo., 383 S.W.2d 534, loc. cit. 536. In State v. Bonner, 178

Mo. 424, 77 S.W. 463, cited by defendant, the information was not verified at all.

The trial court, having considered the motion and "the files and records," found that the conviction and sentence were not violative of the Constitution and laws of the United States or of the State of Missouri, that the court had jurisdiction, that the sentence was not illegal or subject to collateral attack, and that defendant was not entitled to any relief. From the face of the record and defendant's own motion the action of the trial court was correct.

The judgment is affirmed.

All of the Judges concur.