PEOPLE OF THE TERRITORY OF GUAM

v.

EDWIN I. CAMACHO, Defendant

Criminal No. 283F-77
Superior Court of Guam
September 27, 1979

- - - - -

ABBATE, Judge

## DECISION AND ORDER

Defendant's motion to dismiss the indictment was heard on September 25, 1979. Defendant bases his motion on three grounds;

(1) Defendant was denied the right to a speedy trial since almost two years elapsed from the filing of the indictment to his arraignment.

(2) At the time of the alleged escape defendant was recognized by the court as being legally insane.

20

(3) At the time of the alleged escape from the Guam Penitentiary, defendant was being illegally incarcerated.

The Court will address these issues respectively.

As to the first issue, defendant was indicted on October 14, 1977 for escaping from the Guam Penitentiary on October 11, 1977. Defendant was finally arraigned on September 5, 1979. While it is true that this is almost a span of two years, a review of the record indicated ample justifications for the delay. To wit: there was a pending murder charge against defendant; defendant's commitment to the Mental Health Center for treatment; psychiatric examinations to determine his competency to stand trial on two different occasions; various withdrawals by different counsels from the case; various motions filed by defendant's attorney; defendant's behavior at the Mental Health Center; the arraignment being continued until defendant is found competent to stand trial. These reasons show that the delay was not purposeful or oppressive. Maguire v. U.S., 396 F2d 327 (9th Cir 1968); York v U.S., 389 F2d 761 (9th Cir. 1968); Barker v. Municipal Court of Salinas Judicial District of Monterey County. 51 Cal. Rptr. 921, 64C.2d 806 415 P 2d 809.

As to the second issue, defendant predicated this on the November 15, 1977 Judgment of the Superior Court which found that "defendant was insane at the time of the crime (murder) under the criteria set out in Wade v. United States, 426 F2d 64 (1970) and §26 (4) Guam Penal Code and that he is 'presently' insane within §1367 Guam Penal Code." (See Judgment filed November 11, 1977). In retrospect, the court finds the phrase "and that he is presently insane within §1367 Guam Penal Code" to be dicta. the court feels justified in so holding since the Judgment was qualifiedly based on (1) the Stipulation to Finding and Judgment of Not Guilty By Reason of Insanity" submitted by defense counsel and the Attorney General's Office, and (2) on the report of court psychiatrist, Dr. Frances Reid. A review of the Stipulation reveals that it solely addressed "that he was insane at the time of the commission of the crime herein." (See Stipulation filed September 25, 1977). Hence, it is clear there was no factual basis on both the Stipulation and Dr. Reid's report to have held that defendant was "presently-insane" at the date of judgment. Also, defendant's sanity at the time of the alleged escape (October 11, 1977) was not an issue in the Stipulation. Finally, this court questions whether it has jurisdiction to hold beyond the matter being stipulated to.

21

As to the third issue, if a defendant has reason to believe that his imprisonment is illegal he must apply for his release and not take it upon himself to terminate his incarceration by escaping. People v. Granger, 97 Cal. App.2d 11, 13, 217 P 2d 41. In People v. Scherbing, 93 Cal App. 2d 736, 743, 209 P. 2d 976, 800, the court said:

"There are cases holding that one unlawfully confined who escapes from such confinement, where the confinement is without color of authority, does not violate a statute making it unlawful to 'escape' from prison. People v. Clark, 69 Cal. App. 520, 231 P. 590; People v. Ah Teung, 92 Cal 421, 28 P. 577, 15 L.R.A. 190. These cases, however, deal with situations where a person has been confined either without any authority at all or where the judgment was void on its face. But where the imprisonment is made under authority of law and the process is simply irregular in form, or the statute under which he is confined is unconstitutional, the escape is unlawful. People v. Ah Teung, 92 Cal. 421, 28 P. 577, 15 L.R.A. 190; People v. Howard, 120 Cal. App 45, 8 P2d176; People v. Belknap, 137 Cal. App. 366, 30 P. 2d 576; People v. Crider, 76 Cal. App. 101, 244 P. 113; People v. McPheeley, 92 Cal. App. 2d. 589, 207 P2d 651. This is likewise the general rule in other states. Kelley v. Meyers, 124 or. 322, 263 P. 903; People ex rel. Haines v. Hunt, 229 App. Div. 419, 242 N.Y.S. 105. It is also the view adopted by the federal courts. Aderhold v. Soikau, 5 Cir., 67 F.2d 259; Giese v. United States, 79 U.S. App. D.C. 126, 143 F2d 633; Bayless v. United States, 9 Cir., 141 F2d 578; certiorari denied 322 US. 748, 64 S. Ct. 1157, 88 L. Ed. 1580. To allow prisoners to use force to escape and then to permit the defense that they were unlawfully confined, would create chaos in a prison."

It is true that the record does not reveal an order transferring defendant from the Agana Lock-Up to the Guam Penitentiary. How and under whose direction defendant was transferred to the Penitentiary prior to October 11, 1977 remains a mystery. However, it cannot be contended that defendant's incarceration at the Penitentiary was wholly without color of authority since defendant's initial confinement at the Agana Lock-Up on July 30, 1977, was pursuant to a court order. Therefore, the court finds that defendant's incarceration was at all times under color of authority and that his subsequent order-less transfer to the Penitentiary was simply irregular in form which did not justify his escaping from there.

For the foregoing reason, IT IS THE DECISION of the Court that defendant's motion to dismiss the indictment be and hereby DENIED.