**STATE of Missouri, Respondent,**

v.

**Cornelius WALKER, Appellant.**

**No. 42141.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 7, 1981.

**360**

Christopher M. Smith and Michael J. Pifko, Wilson, Smith & McCullin, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Henry T. Herschel, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

On a wintry night late in 1977 defendant Cornelius Walker and nine other prisoners escaped from jail; they had cut a window bar and climbed a fence. They picked a bad night; it had snowed. Officers tracked one set of footprints; the path led to defendant, hiding in a filling station toilet.

A jury found defendant guilty of escaping jail. Sect. 557.390 RSMo. 1969. It fixed punishment at two years in prison. Defendant appeals from the ensuing judgment.

By his after-trial motion defendant contended only that the state had failed to prove "defendant in fact escaped from custody." On appeal he relies on the cited statute. It makes it an offense for a prisoner "to break such prison or custody and escape therefrom". He now contends the charge was only that he "escaped" from jail, erroneously omitting the word "break".[1] The words at issue are break and escape; one act or two?

The state contends "break and escape" is but a single element of the charged offense. The state's cited cases are not crystal clear. *State v. Pace*, 402 S.W.2d 351 l.c. 352 (Mo. 1966), held by obiter that it sufficed for the state to prove defendant did "break prison or escape therefrom". Citing *Pace* the court in *State v. Alderman*, 500 S.W.2d 35 [2–4] (Mo.App.1973), ruled that *one* of the elements of the statutory offense was that defendant did "break such prison and escape therefrom".

Defendant relies primarily on *State v. Butler*, 310 S.W.2d 952 [11, 12] (Mo.1958). There, the court upheld a verdict-director requiring the jury to find defendant broke jail and escaped. The court upheld the instruction, saying the elements of the offense were breaking and escaping. Since the defendant there had not raised that issue, the ruling was obiter.

We test defendant's theory that breaking and escaping are separate elements. "Break" is a word of many meanings, depending on its context; Webster lists over a hundred definitions. These include, as defendant contends, active acts such as "sever" and "destroy". In contrast, the definitions include passive conduct, such as "terminate" and "interrupt". Black defines breaking jail as the "act of effecting escape." The statute here makes it a crime to "*break* such prison or *custody and escape therefrom*". (Our emphasis.) The defendant did break custody and escape.

The charged offense of escaping jail inferentially included a breaking because breaking is a termination of custody. We hold breaking and escaping were parts of a single act: leaving custody without authority. Omitting the word "break" did not impair the indictment.

Appellate counsel raises other points not in trial counsel's motion for new trial. We review them on our own motion.

Defendant now challenges three comments in the state's closing argument. The first two were that defendant did escape and that the ten prisoners did it together. These were reasonable inferences from the evidence. No error here. Compare *State v. Treadway*, 558 S.W.2d 646 [5–7] (Mo.1977). The third statement was that the severed window bar was taken

---

1. On our own motion we consider this point as relevant to the complaint in the motion for a new trial.

away from the jail; the prosecutor speculated the iron bar would make a pretty good weapon. This also was a reasonable inference from the evidence. Compare the approval of a harsher jury argument in *State v. Rezabek*, 584 S.W.2d 430 [6, 7] (Mo.App.1977).

■ Defendant complains of state's instruction No. 6. It was MAI–CR 2.10 Responsibility for the Conduct of Others. He contends there was no evidence to infer he acted with others in escaping. He relies on *State v. Butler*, 310 S.W.2d 952 [7–9] (Mo. 1958). There, defendant was present when jail bars were cut by another. But that conviction was upheld because: "It is not necessary that he, personally, have done all of the things which together make up the elements of the crime."

We consider that defendant and nine others simultaneously escaped; their footprints, including defendant's, led away from the jail. We hold this supported an inference defendant acted with others in escaping. Note 1. to the challenged instruction directs its use where there is evidence as there was here that "defendant was an active participant in the crime". We deny the challenge to Instruction No. 6.

Last, defendant seeks a reversal on the ground trial counsel was ineffective. On the authority of *State v. Murphy*, 592 S.W.2d 727 [19] (Mo. banc 1980), we hold this untimely. The range of defendant's complaint is so broad it can best be ruled on a motion under Rule 27.26. *State v. Blackwell*, 459 S.W.2d 268 [1] (Mo. banc 1970).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.