**ADERHOLD, Warden, v. SOILEAU.**

No. 6926.

Circuit Court of Appeals, Fifth Circuit.

Oct. 24, 1933.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La., and Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for appellant.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Joseph Soileau was discharged on habeas corpus from serving a sentence for an escape on May 25, 1931, from a federal road camp in Virginia, where he was serving a sentence imposed in Louisiana · which required his imprisonment in the United States Industrial Reformatory at Chilicothe, Ohio, "until he reaches the age of twenty-one years." It was successfully contended that the original sentence to imprisonment until he should reach the age of twenty-one years was so uncertain as to be void, and that imprisonment under it was illegal and escape from such imprisonment no crime under 18 USCA § 753 (h). The record contains a previous habeas corpus proceeding against Aderhold, warden, in which Soileau obtained a ruling from which no appeal was taken that the Louisiana sentence was too vague to be enforced and that Soileau be taken before the trial court to be resentenced. He was resentenced in Louisiana; the new sentence being made to run from the date of the old one. This sentence has been served, and that imposed for the escape alone remains.

The former habeas corpus proceeding has no conclusive effect here. Such proceedings when they result adversely to the applicant are not estoppels against him. Salinger v. Loisel, 265 U. S. 224, 230, 44 S. Ct. 519, 68 L. Ed. 989; Wong Doo v. United States, 265 U. S. 239, 44 S. Ct. 524, 68 L. Ed. 999. Estoppels being mutual, the proceedings cannot be given that effect where the applicant succeeds. But, were it otherwise, the judgment previously made between Soileau and Aderhold was not that the Louisiana sentence was so utterly void that Soileau ought to be forthwith released, but, on the contrary, it adjudged that he should be held for resentence. Yet further the United States were not party to that decision and were not bound by it and could and did thereafter prosecute Soileau for his escape and convicted him. It is under this solemn record of conviction that Aderhold now holds

him, a right that came into being since the former judgment on habeas corpus.

The Virginia indictment for escape alleged that the imprisonment from which Soileau escaped was under a sentence requiring imprisonment "until he reaches twenty-one years of age." The question was thus directly presented to the Virginia court whether escape from such an imprisonment was a violation of the statute, and it necessarily held in sentencing him that it was. This was but the decision of a question of law arising in the trial of the case, capable of correction by appeal if it was wrongly decided, but not going to the jurisdiction of the court or to the fundamental constitutional rights of the citizen so as to render the judgment of conviction invalid when collaterally attacked before another court. But, if the Virginia court's decision is open to review here, we hold it to be correct. All sentences to the National Training School for Boys, or to the National Training School for Girls, are until the boy or girl reaches twenty-one years of age. 20 USCA §§ 145, 146, 169, 170. It is not unusual under state statutes to sentence minors to correctional institutions during their minority. The time of expiration of such sentences might advisably be ascertained and be stated by the sentencing court, but, if that be neglected, we see therein no justification for the culprits to walk out of the institution. If they remain until their majority, they have paid their debt to the law. If the sentence here in question to the Industrial Reformatory be so indefinite as that Soileau was entitled to be resentenced, he was bound to question it only by regular and legal means. A prisoner in a penal institution whose sentence is irregular or voidable may not for that reason, and before some court has so adjudged, defy his guards and run away. A difference of opinion might cause a death. Such a doctrine would set discipline at naught. The statute, 18 USCA § 753 (h), forbids escape, not only to those "properly in the custody of the Attorney General" but also to all "who are confined in any penal or correctional institution, pursuant to his direction," without mention of the propriety of the confinement. We are of opinion that attempts at escape from such institutions are thereby forbidden to all inmates, and that, if they consider their confinement improper, they are bound to take other means to test the question.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.