## BAYLESS v. UNITED STATES.
### No. 10421.

Circuit Court of Appeals, Ninth Circuit.

March 16, 1944.

Fred McDonald, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and James T. Davis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Western District of Missouri, here-

after called the Missouri court, there were two indictments against appellant. The first indictment (case No. 14,028) was in two counts. Count 1 charged a violation of § 2(a) of the Act of May 18, 1934, c. 304, 48 Stat. 783, 12 U.S.C.A. § 588b(a). Count 2 charged a violation of § 2(b) of said Act, 12 U.S.C.A. § 588b(b). The second indictment (case No. 14,029) charged a violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. Appellant pleaded guilty in both cases. Thereupon, on January 31, 1938, judgments were entered sentencing appellant to imprisonment as follows: In case No. 14,028, for a term of 20 years on count 1 and a term of 25 years on count 2; in case No. 14,029, for a term of 5 years; the three sentences to run concurrently. Appellant was committed to the custody of the Attorney General or his authorized representative. The Attorney General designated as the place of appellant's confinement the United States Penitentiary at Leavenworth, Kansas, and thereafter, on November 17, 1938, ordered him transferred to the United States Penitentiary at Alcatraz Island, California.[1]

On September 16, 1942, appellant petitioned the District Court of the United States for the Northern District of California, hereafter called the California court, for a writ of habeas corpus. The writ was issued, appellant was produced, and hearings were had on November 27, 1942, December 21, 1942, and January 13, 1943. Appellant attended the hearings in the custody of Joseph H. Simpson, authorized representative of the Attorney General. On December 21, 1942, shortly before the commencement of that day's hearing, appellant attempted to escape from Simpson's custody. The attempt was unsuccessful. On February 9, 1943, the California court filed an opinion[2] holding that the Missouri judgments and commitments were void because, at the time he pleaded guilty, appellant did not have the assistance of counsel and did not intelligently waive his right to such assistance.[3] The California court did not, however, discharge appellant from custody. Instead, it remanded him to the Missouri court for further proceedings upon the indictments mentioned above.[4]

[1] See § 7 of the Act of May 14, 1930, c. 274, 46 Stat. 326, 18 U.S.C.A. § 753f.

[2] Bayless v. Johnston, D.C., 48 F.Supp. 758.

[3] Citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146

A.L.R. 357; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

[4] Cf. In re Bonner, 151 U.S. 242, 14 S. Ct. 323, 38 L.Ed. 149; Ballew v. United

On January 6, 1943,[5] appellant was indicted in the California court for violating § 9 of the Act of May 14, 1930, c. 274, 46 Stat. 327, as amended by the Act of August 3, 1935, c. 432, 49 Stat. 513,[6] 18 U.S.C.A. § 753h, by attempting to escape from Simpson's custody on December 21, 1942.[7] Appellant was arraigned, pleaded not guilty and was tried. The trial was on April 22, 1943.[8] The evidence showed the facts to be as stated above. At the close of all the evidence, appellant moved for a directed verdict in his favor. The motion was denied. Appellant was convicted, was sentenced and has appealed.

Appellant assigns as error the denial of his motion for a directed verdict. The ground of the motion was that the evidence failed to show that appellant, at the time he attempted to escape, was a person committed to the custody of the Attorney General or his authorized representative. There was no such failure. The evidence showed that appellant was committed to the custody of the Attorney General or his authorized representative under and pursuant to the Missouri judgments mentioned above and was in such custody when he attempted to escape.

■ Appellant contends that the Missouri judgments and commitments were void, and that therefore the custody from which he attempted to escape was unlawful. To show this, he cites the opinion in the habeas corpus case.[9] That opinion is not conclusive here, for the United States, plaintiff-appellee in the case at bar, was not a party to the habeas corpus case.[10]

■ Furthermore, as pointed out above, the court did not, in the habeas corpus case, discharge appellant from custody or hold that he was entitled to be discharged. Much less did it hold that he was entitled to escape, as he attempted to do, before there was any adjudication as to the validity or invalidity of the Missouri judgments and commitments. It is clear that he was not entitled to escape, and this is true regardless of whether the opinion in the habeas corpus case was right or wrong. As was said in Aderhold v. Soileau, 5 Cir., 67 F.2d 259, 260:

" * * * A prisoner in a penal institution whose sentence is irregular or voidable may not for that reason, and before some court has so adjudged, defy his guards and run away. A difference of opinion might cause a death. Such a doctrine would set

States, 160 U.S. 187, 16 S.Ct. 263, 40 L.Ed. 388; Mahler v. Eby, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549.

5 Before the habeas corpus case was decided.

6 Section 9 provides: "Any person committed to the custody of the Attorney General or his authorized representative, or who is confined in any penal or correctional institution pursuant to the direction of the Attorney General, or who is in custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or who is in custody of an officer of the United States pursuant to lawful arrest, who escapes or attempts to escape from such custody or institution, shall be guilty of an offense. If the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense whatsoever, the offense of escaping or attempting to escape therefrom shall constitute a felony and any person convicted thereof shall be punished by imprisonment for not more than five years or by a fine of not more than $5,000, or both; * * *."

7 The indictment charged that appellant, "being at all times hereinafter mentioned a person committed to the custody of the Attorney General of the United States and his authorized representative, to-wit, Joseph H. Simpson, Lieutenant of the Officers of the United States Penitentiary, Alcatraz Island, California, Department of Justice, under and by. virtue of the judgments of conviction and warrants of commitment duly and regularly issued by the District Court of the United States for the Western District of Missouri, Western Division, in Criminal Causes No. 14028 and 14029, and the transfer order issued for [appellant] at Washington, D.C., on November 17, 1938, by direction of the Attorney General of the United States by Frank Loveland, Acting Assistant Director of the Bureau of Prisons of the Department of Justice, did, on or about the 21st day of December, 1942, at the City and County of San Francisco, State of California, Northern District of California, Southern Division, and within the jurisdiction of this Court, unlawfully, wilfully and feloniously attempt to escape from the custody aforesaid."

8 After the habeas corpus case was decided.

9 Bayless v. Johnston, supra.

10 Cf. Aderhold v. Soileau, 5 Cir., 67 F.2d 259.

discipline at naught. The statute, 18 U.S. C.A. § 753h,[11] forbids escape, not only to those 'properly in the custody of the Attorney General' but also to all 'who are confined in any penal or correctional institution, pursuant to his direction,' without mention of the propriety of the confinement. We are of opinion that attempts at escape from such institutions are * * forbidden to all inmates, and that, if they consider their confinement improper, they are bound to take other means to test the question."

We are of the same opinion.

Judgment affirmed.

---

[11] Section 9 of the Act of May 14, 1930, supra.