### GODWIN v. UNITED STATES.
#### No. 14177.

United States Court of Appeals
Eighth Circuit.

Dec. 13, 1950.

Sherman Albert Godwin, pro se.

R. S. Wilson, U. S. Atty., and Charles A. Beasley, Jr., and David R. Boatright, Asst. U. S. Attys., all of Fort Smith, Ark., for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, who will be referred to as defendant, seeks a reversal of a judgment and sentence of imprisonment entered May 10, 1950, upon the verdict of a jury, which found him guilty of having escaped from the jail of Miller County, Arkansas, on or about May 30, 1949.

The defendant was indicted in the District Court of the United States for the Northern District of Florida on November 5, 1947, for a violation of the Motor Vehicle Theft Act, Sec. 408, Title 18 U.S.C.A.

He was arrested at Marshall, Texas, on May 23, 1949, by a Deputy United States Marshal for the Eastern District of Texas, and was placed in the jail of Miller County, Arkansas. The defendant was brought before a United States Commissioner for that District, at Texarkana, on May 26, 1949. Texarkana straddles the border between Texas and Arkansas. The Commissioner committed the defendant to the custody of the United States Marshal of the District on account of the Florida indictment and the warrant based upon it. The Marshal put the defendant in the jail of Miller County, Arkansas, at Texarkana, the use of which for the confinement of federal prisoners had been authorized by the Director of the Bureau of Prisons of the United States Department of Justice. The jail was an approved jail for federal prisoners. The Sheriff of Miller County, custodian of the jail, had a contract with the Bureau of Prisons for the care and maintenance of federal prisoners. The Sheriff's custody of the defendant on and after May 26, 1949, was based on the commitment issued by the United States Commissioner.

The defendant broke out of, and escaped from, the jail in the night of May 29, 1949. On January 9, 1950, he was indicted under Sec. 751, Title 18, U.S.C.A. The indictment charged that "On or about May 30, 1949, in the Western District of Arkansas, Sherman Albert Godwin did escape from the Miller County, Arkansas, jail where he was in custody under and by virtue of process issued under the laws of the United States by a United States Commissioner in and for the Eastern District of Texas after his arrest on a charge of felony."

The defendant was apprehended by a Special Agent of the Federal Bureau of Investigation at Baytown, Texas, on June 11, 1949, and turned over to the United States Marshal. The defendant entered a plea of not guilty to the indictment charging him with having escaped. The court appointed counsel to defend him. The trial took place on May 8, 1950. The evidence was virtually undisputed. It appeared that the Florida indictment had been dismissed on December 28, 1949, which was approximately six months after the defendant's es-

rape. The defendant moved for a verdict of acquittal upon the ground that his removal by the United States Marshal from the Eastern District of Texas to the Western District of Arkansas was illegal and that his confinement in the Miller County jail was not based upon a lawful commitment to that institution. The District Court reserved a ruling on the motion, and submitted the case to the jury. The jury on May 10, 1950, returned a verdict of guilty, and the District Court sentenced the defendant to imprisonment for a year and a day.

■ On May 18, 1950, the defendant filed a motion in arrest of judgment. This was out of time under Rule 34 of the Federal Rules of Criminal Procedure, 18 U.S. C.A. The District Judge had, however, at the conclusion of the trial, virtually invited the defendant to make such a motion, stating that he thought it could be made within a ten-day period. That can, perhaps, be regarded as extending the time for the making of the motion; but see Marion v. United States, 9 Cir., 171 F.2d 185, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747. The motion in arrest of judgment was denied on June 5, 1950.

On June 14, 1950, the defendant filed a notice of appeal "from the denial of Petitioner's [defendant's] Motion in Arrest of Judgment, dated June 5, 1950."

■■ The defendant now contends that he is entitled to a reversal of the judgment on the grounds that, at the time he escaped, he was not being held under legal process and that the subsequent dismissal of the Florida indictment had the effect of validating his escape. We think there is no merit in these contentions. The defendant could not test the propriety of his confinement in the Miller County jail by forceably escaping from it. Aderhold v. Soileau, 5 Cir., 67 F.2d 259, 260; Bayless v. United States, 9 Cir., 141 F.2d 578, 579–580. At the time of his escape, the defendant was a federal prisoner in custody by virtue of process issued under the laws of the United States within the meaning of Sec. 751, Title 18, U.S.C.A. The subsequent dismissal of the Florida indictment in December, 1949, is of no legal consequence in the instant case.

■ There are two reasons why the judgment cannot be reversed. The first is that the judgment is valid, and the second is that no appeal was taken from it. The motion of the defendant in arrest of judgment was properly denied. The order denying the motion, from which this appeal was taken, was correct and is affirmed.