### LOPEZ v. SWOPE.

No. 13703.

United States Court of Appeals
Ninth Circuit.

June 8, 1953.

Rehearing Denied June 29, 1953.

Ernest B. Lopez, in pro. per.

Chauncey Tramutolo, U. S. Atty., and Joseph Karesh, Assistant U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

Appellant was convicted on July 30, 1943 in the District Court of the United States for the Southern District of California, Central Division under an indictment of two counts. The first count charged the offense of receiving stolen property of the United States; the second count charged conspiracy with others to commit the of-

fense charged in the first count. Lopez received a sentence of five years on the first count and two years on the second count. These sentences (in Criminal Case No. 16,-048) were ordered to run consecutively. He was subsequently removed to and confined in the federal penitentiary at McNeil Island, Washington. Both of said sentences have been served.

On or about November 4, 1944, and while serving the two California sentences above mentioned, Lopez unlawfully escaped from the said McNeil Island Penitentiary. On or about the same date he assaulted an employee of the said penitentiary with a deadly weapon (a knife) while this employee was engaged in the performance of his official duties, the assault being perpetrated with an intent to do bodily harm. For commission of these two offenses Lopez was indicted in the United States District Court for the Western District of Washington, Southern Division. The indictment (filed on May 12, 1945) [1] was in two counts, the first charging the offense of escaping from the said penitentiary; the second count charging the felonious assault. Upon trial before a jury in said court Lopez was found guilty as charged in both counts. On June 15, 1945 the said court entered its judgment of guilt on the jury verdict and sentenced Lopez to three years imprisonment on the first (escape) count, and to imprisonment for seven years on the second (assault) count. The judgment directed that these two sentences should run consecutively.[2]

The records of the Lopez trial in the United States District Court for the Western District of Washington, Southern Division, (see footnote 2) and the record in the instant appeal indicate that no appeal from the judgment of sentence in the Washington District Court on the escape and assault charges, was perfected by Lopez.

Lopez (now confined in Alcatraz Penitentiary) is presently before us on his appeal from an order of the lower court denying his petition for a writ of habeas corpus. On motion of Lopez we have heard this appeal on the original papers in his case below.

In its order denying the petition of appellant for a writ of habeas corpus the lower court expressed the view that it had no jurisdiction to entertain his application for the writ since appellant had "failed to pursue his remedy, if any, under the provisions of Title 28 U.S.C.A. § 2255." Subsequently, and on appellant's motion for a new trial, the lower court entered a further order denying this motion and setting forth that his petition is denied for the further reason that it fails to state a claim upon which relief can be granted.

In his petition for habeas corpus Lopez specifically refers to his conviction in the Washington District Court [3] but in the lower court and on this appeal his argument is an attack upon the validity of the sentence under the first count which was imposed by the California District Court in 1943 and which was one of the two sen-

1. In a signed statement in the files of the Lopez case in the United States District Court of Western Washington, Lopez states that he was captured in Wilmington, California on May 3, 1945. In his petition in the lower court for a writ of habeas corpus (here considered) he recites that he was returned to the McNeil Island Penitentiary 198 days after his escape. (See footnote 3.)

2. We take judicial notice of the official records of the Lopez case in the United State District Court for the Western District of Washington, Southern Division, which set forth the indictment, conviction and sentences for escape and assault herein referred to.

3. In his petition for the writ in the court

below Lopez informs the court that:

"While serving the combined seven-year sentence at McNeil Island, petitioner escaped and after 198 days was returned to Federal custody"—and further, "Petitioner was indicted in Criminal Case No. 15709 on two counts to-wit: Violation of the Federal Escape Act, Title 18 U.S.C.A. Sections 753(h) and 254 [1948 Revised Judicial Code, 18 U.S. C.A. §§ 111, 751], found guilty on both counts and sentenced to three years on count one and seven years on count two, to run consecutive to the three-year sentence, both to run consecutive to all other sentences at that time in service. Petitioner was subsequently transferred to the United States Penitentiary, Alcatraz."

tences he was serving at the McNeil Island prison *at the time of his escape therefrom and his assault upon the prison employee.* At no place in the petition for the writ does he attack or challenge the validity or finality of the consecutive sentences imposed by the Washington District Court which were entered on June 15, 1945. Nor is there any showing that these consecutive sentences by the Washington District Court, aggregating 10 years, have been fully served; or that he is presently illegally restrained of his liberty by reason thereof. His complaint is that he has "served" the two year sentence imposed by the California District Court in 1943; that the five years sentence imposed by that court under count one was invalid since he was tried and convicted on this count under an inapplicable statute which permitted imposition of a five year sentence; that on this first count he should have been tried for violation of a different statute which permitted the imposition of a sentence of not to exceed one year.

His theory is that since four years of the five year California sentence on count one of the indictment was excessive, illegal and invalid, he has now actually *served* and fully satisfied a collective and combined *lawful sentence* of thirteen years (three years under the California sentence and ten years under the Washington sentences) *"minus* the legal statutory good time allowance for studious work in the Federal Prison Industries." He thus lumps the combined sentences of both federal courts in his petition without indicating any action whatever by prison authorities on the matter of "good time allowance" (if any) or loss of any "good time allowance," under the valid sentences of the Washington District Court pursuant to which he is now confined at Alcatraz. We must assume that prison authorities would have released Lopez from his present confinement under the consecutive sentences of the Washington District Court if so-called "good time" allowances justified release. So much may also be said concerning parole.[4]

On the record we have noted above Lopez now claims that he has been unlawfully detained and deprived of his liberty by the Warden of the Alcatraz Penitentiary since September 15, 1952. This record requires that we reject this contention. A writ of habeas corpus will issue only for the purpose of determining the legality of *present detention* and its illegality is not shown. McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Dunlap v. Swope, 9 Cir., 103 F.2d 19; Cf. Crow v. United States, 9 Cir., 186 F.2d 704. And the legality or illegality of one sentence imposed in 1943 by the District Court in California and long since served, has no material bearing on the question whether Lopez was lawfully convicted in the Washington District Court in 1945, and whether he is presently and validly confined in Alcatraz Penitentiary under the consecutive sentences imposed by that court for commission of the crimes of escape and assault while confined in the McNeil Island Penitentiary.

His petition for habeas corpus in the lower court makes plain that he was serving the sentence imposed by the District Court of California at the time he assaulted the prison employee and effected an escape from the McNeil Island institution. In so doing he committed the offenses for which he was properly convicted and sentenced in the Washington District Court.

The records we have referred to now indicate that Lopez is lawfully detained under, and is presently serving the cumulative sentences of ten years imposed by the Washington District Court in 1945.

On this appeal Lopez would have us wholly disregard the validity of the total 1945 ten year sentences of the Washington District Court because of his attack on the validity of one of the two consecutive sentences of the California District Court both of which have been served. He overlooks the fact that a man confined in a federal prison under sentences imposed by a United States District Court which might conceivably be open to attack on the ground

4. Consult Chapters 309 and 311 of Title 18 U.S.C.A. dealing with good time allowances and parole of federal prisoners.

of invalidity, may not test the propriety or validity of his confinement under such sentences by assaulting a prison employee and/or making a forcible escape. Alderhold v. Soileau, 5 Cir., 67 F.2d 259, 260; Bayless v. United States, 9 Cir., 141 F.2d 578, 580; Godwin v. United States, 8 Cir., 185 F.2d 411; Cf. United States v. Brown, 333 U.S. 18, 68 S.Ct. 376, 92 L.Ed. 442; Godwin v. United States, 8 Cir., 191 F.2d 932.

On the record we have noted, appellant is not entitled to discharge from his present detention. The order of the lower court denying the writ is affirmed.