James Jack **DEMPSEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18323.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1960.

William A. Barber, Jr., Texarkana, Tex., for appellant.

Paul N. Brown, U. S. Atty., Joe Tunnell, Asst. U. S. Atty., Tyler, Tex., for appellee.

Before RIVES, Chief Judge, and TUTTLE and JONES, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction and sentence of appellant of the crime of escape from the Federal Correctional Institution. Dempsey defended on the ground that his escape was justified because he was a sufferer from diabetes and he was in immediate need of injection of insulin which was not given him.

Appellant here complains of the refusal of the trial court to give the following charge to the jury: " * * * if the jury finds that defendant's life was put in jeopardy due to cruel and unusual punishment by prison officials the result of which could reasonably have been defendant's death prior to the time defendant could have perfected his appeal from such conduct through legal process then it is the duty of the jury to render a verdict of not guilty."

Even if we were to assume, contrary to the well established general rule, Aderhold v. Soileau, 5 Cir., 67 F.2d 259, that intolerable conditions endangering the safety or life of an inmate would be a defense to a charge of escape, we are convinced that no such showing was here made as to require the submission of the requested charge to the jury. The record demonstrates that the appellant did not at any time request from prison authorities any relief from his condition. He not only diagnosed his illness with the aid, to be sure, of a fellow prisoner, a doctor, but he also prescribed escape as a cure.

The record falls far short of the standard suggested by the Nevada Supreme Court in the only authority cited by appellant in support of his theory of defense.

"A person confined by the law should be delivered by the law, and

no other means can be justified in any case, until the officers in charge, and the law, refuse him relief; and then the evidence of the necessity must be clear and conclusive, and the act must proceed no further than the emergency requires." State v. Davis, 14 Nev. 439.

The judgment must be

Affirmed.