**Jess Willard CRAWFORD, Appellant,**

v.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 6604.**

United States Court of Appeals
Tenth Circuit.
April 11, 1961.

Larry E. Lawler, Denver, Colo., for appellant.

George T. Van Bebber, Asst. U. S. Atty., Kansas City, Kan. (Newell A. George, U. S. Atty., Kansas City, Kan., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and KERR, District Judge

PER CURIAM.

This is an appeal from a denial of the appellant's petition for a writ of habeas corpus in which he alleged that he had served his federal sentence and was entitled to be discharged from the United States Penitentiary at Leavenworth, Kansas, where he is now confined.

On April 22, 1942, the District Court of Cook County, Illinois sentenced the appellant to serve concurrently one sentence of one to twenty years for robbery and two sentences of one year to life for two armed robberies. On June 10, 1942, while serving the foregoing sentences in the Illinois State Penitentiary, he was brought before the United States District Court for the Northern District of Oklahoma and sentenced to a term of fifteen years on a charge of kidnapping, and a term of five years on a charge of interstate transportation of a stolen motor vehicle. These sentences were to run concurrently with each other, and they were "to commence at the expiration of sentence now being served in the Illinois State Penitentiary." The appellant was then returned to the Illinois State Penitentiary to serve the remainder of his

state sentences. In 1946 the Illinois Supreme Court vacated the state sentences and remanded the case to the Criminal Court of Cook County, Illinois for the purpose of correcting the improper sentences. The sentences imposed in accordance with the mandate of the Illinois Supreme Court were served by the appellant, and he was released to the United States Marshal and commenced service of the federal sentences on May 20, 1953.

The appellant contends that pursuant to the quoted language from the order of judgment and commitment by the United States District Court for the Northern District of Oklahoma, his federal sentences began to run when the original Illinois state sentences were vacated. There is no merit to this contention.

■ It is quite clear that the United States District Court for the Northern District of Oklahoma intended that its sentences should commence to run, in compliance with the applicable statute,[1] when the appellant was received at a federal institution for service of those sentences. The State of Illinois had continuous jurisdiction over and custody of the appellant until he was delivered to the United States Marshal in 1953. In this respect the case is analogous to Taylor v. Baker, 10 Cir., 284 F.2d 43, certiorari denied 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed. 2d 693, and the cases discussed in that opinion. Applying the rule of the Baker case, the sentences began to run on May 20, 1953.

■ Furthermore, the appellant, on October 3, 1959, was sentenced to serve a term of two years for violation of the Federal Escape Act, 18 U.S.C.A. § 751. This sentence was not affected by the validity of the sentences being served at the time of the escape,[2] and it had not been served at the time this petition was submitted. Habeas corpus is available only when the prisoner is entitled to immediate release. Holloway v. Looney, 10 Cir., 207 F.2d 433, certiorari denied 346 U.S. 912, 74 S.Ct. 245, 98 L.Ed. 409; McMahan v. Hunter, 10 Cir., 150 F.2d 498, certiorari denied 326 U.S. 783, 66 S.Ct. 332, 90 L.Ed. 475; Reger v. Hudspeth, 10 Cir., 103 F.2d 825, certiorari denied 308 U.S. 549, 60 S.Ct. 79, 84 L.Ed. 462.

Affirmed.

---

1. 18 U.S.C.A. § 3568.

2. Lopez v. Swope, 9 Cir., 205 F.2d 8; Bayless v. United States, 9 Cir., 141 F. 2d 578, certiorari denied 322 U.S. 748, 64 S.Ct. 1157, 88 L.Ed. 1580; Aderhold v. Soileau, 5 Cir., 67 F.2d 259.