**Wesley Robert WELLS, Petitioner and Appellant,**

v.

**The PEOPLE OF the STATE OF CALIFORNIA, Respondent and Appellee.**

**No. 19733.**

United States Court of Appeals
Ninth Circuit.

Nov. 1, 1965.

Charles R. Garry, Donald L. A. Kerson, Garry, Dreyfus & McTernan, Aubrey Grossman, San Francisco, Cal., for appellant.

Thomas C. Lynch, Atty. Gen. of Cal., Wm. E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Gordon Ringer, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before KOELSCH and BROWNING, Circuit Judges, and HARRIS, District Judge.

HARRIS, District Judge.

This appeal is perfected from an adverse ruling of the United States District Court, Southern District of California, Central Division. That court dismissed appellant Wells' petition for habeas corpus on grounds that he had failed to exhaust state appellate remedies, 28 U.S.C. § 2254. The questions presented in that action involved the alleged denial of counsel at a hearing in Municipal Court and alleged denial of counsel on appeal. Also, that he was denied the right to communicate with the courts concerning his appeal. The District Court below disposed of these claims in the following manner:

(1) Petitioner was not denied a constitutional right in not having counsel at the preliminary hearing;

(2) There was no exhaustion of state remedies as to the latter claims inasmuch as petitioner had filed no motion to recall the remittitur in the District Court of Appeal.

These issues are now urged upon this court for determination.

This court is disposed to decide the appeal on another ground which will become apparent after a recitation of the relevant facts. It is unnecessary to con-

sider or pass upon the alleged constitutional infirmities advanced by appellant.

In 1944, Wells was convicted of possessing a weapon while in prison, a violation of Section 4502 of the California Penal Code.[1] The term was fixed at life. (In re Wells, 35 Cal.2d 889, 221 P.2d 947)

While serving this sentence, Wells assaulted a guard and was convicted under Section 4500 of the California Penal Code.[2] Because he was under a life commitment, the death penalty was assessed. Governor Knight subsequently commuted the sentence to life without possibility of parole.

The present appeal attacks only the validity of the first conviction, possession of a dangerous weapon, and counsel for Wells argues that if the first conviction is invalid, then a fortiori, the second conviction must fall. "If appellant was not properly convicted for violating Section 4502, then he could not have been legally convicted of Section 4500." (P. 16, appellant's closing brief)

In support of this contention, counsel for appellant cites cases dealing with the imposition of a heavier sentence for second offenders-multiple offender type statutes. See United States ex rel. Easterling v. Wilkins, 303 F.2d 883 (2nd Cir. 1962) and United States ex rel. Durocher v. LaVallee, 330 F.2d 303 (2nd Cir. 1964).

In both cases, appellants were convicted of crimes in New York and sentenced as second felony offenders. The validity of the New York convictions were not in issue. The utilization by New York of out-of-state convictions to levy an increased sentence was however challenged.

In each case, federal habeas corpus was utilized as the judicial vehicle to contest the validity of the prior out-of-state convictions. The common ground urged was the denial of counsel in the prior state proceedings. The United States Court of Appeals for the Second Circuit remanded both cases to the district court for a full hearing on the merits.

These cases in no way support the conclusionary statement made by appellant. Wells is not being punished for being a second or third offender. On the contrary, he is being punished for criminally assaulting a prison guard. Further, the opinion of the court in Easterling and Durocher in no way suggests that the New York convictions would fall of their own weight should the prior offenses charged be ruled invalid.

Perhaps the most important distinction between this appeal and the above cases lies in the nature of the confinement. Wells is serving what amounts to two separate life sentences and the appellants in Easterling and Durocher were incarcerated under one judgment and conviction. "Habeas corpus may not be used to modify or revise the judgment of conviction * * * its operation may be stayed by habeas corpus only through the exercise of the authority of the court to remove the prisoner from custody." McNally v. Hill, 293 U.S. 131, 139, 55 S.Ct. 24, 27, 79 L.Ed. 238 (1934).

Counsel's argument is keyed to the sentence imposed but overlooks the un-

---

1. § 4502. Possession of deadly weapon; punishment

Every prisoner committed to a State prison who, while at such prison * * * possesses or carries upon his person or has under his custody or control any instrument or weapon of the kind commonly known as a black-jack, slung-shot, billy, sandclub, sandbag, or metal knuckles or any explosive substance or any dirk or dagger or sharp instrument, or any pistol, revolver or other firearm, is guilty of a felony and shall be punishable by imprisonment in a State prison for a term not less than five (5) years. (Added Stats.1943, c. 173, p. 1068, § 2)

2. § 4500. Assault with deadly weapon etc.; life prisoner; death penalty

Every person undergoing a life sentence in a State prison of this State, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury, is punishable with death. (Added Stats.1941, c. 106, p. 1124, § 15)

controverted fact that a criminal offense was committed, which in and of itself bears no relation to the validity of the sentence Wells was then serving.

If Wells were not serving a life sentence at the time he assaulted the guard, the death penalty could not have been assessed under Section 4500. Nevertheless, Section 4501 of the California Penal Code [3] governs a similar offense committed by a prisoner serving a sentence less than life and provides for a sentence of not less than one year. · Under the indeterminate sentence laws of California, where the statute does not fix a maximum sentence, the maximum is deemed to be life. Section 671 of the California Penal Code.[4]

■ All that is required by Section 4500 et seq. is that the prisoner be serving a sentence. The statutes do not require that the conviction and sentence be a valid one. "If the purpose of the statute is to be achieved, and obviously the purpose is a sound one, it makes no difference why the prisoner has been confined, or that he may be legally entitled ·to release." People v. Scherbing, 93 Cal.App.2d 736, 209 P.2d 796. By ·contrast, a defendant may not be properly convicted as a second offender where the secondary offense charged is invalid. Durocher v. LaVallee, supra.

■ In Lopez v. Swope, 205 F.2d 8, 10 (9th Cir.), this court observed the fallacy of appellant's argument. Lopez was convicted of escape from prison and assault on a prison employee. He subsequently sought to overturn the prior convictions, but did not attack the validity of the escape or assault sentences.

We noted that, "A writ of habeas corpus will issue only for the purpose of determining the legality of *present detention* and its illegality is not shown." Wells would have us disregard the validity of his present confinement because of his attack on the validity of his prior § 4502 sentence.

"He overlooks the fact that a man confined * * * under sentences * * * which might conceivably be open to attack on the ground of invalidity, may not test the propriety or validity of his confinement under such sentences by assaulting a prison employee and/or making a forcible escape." (Lopez v. Swope, supra, pp. 10, 11)

The situation may be analogized to that of escape wherein the argument has been advanced that an inmate convicted of the crime of escape while serving a purported invalid sentence may successfully challenge, by writ of habeas corpus, the alleged defective commitment, and obtain his release, even though the escape conviction remains in full force and uncontested.

Section 4530 of the California Penal Code provides: "Every prisoner confined in a state prison who escapes * * * is punishable by imprisonment in a state prison for a term of not less than one year * * *" Pursuant to this statute, it has been held, "Where a defendant has reason to believe that his imprisonment is illegal, he must apply to court for his release and not take it upon himself to terminate his imprisonment by escaping." People v. Ganger, 97 Cal.App.2d 11, 217 P.2d 41.

---

3. § 4501. Assault with deadly weapon, etc.; prison for less than life; punishment
Every person undergoing a sentence of less than life in a State prison of this State who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or ·by any means of force likely to produce great bodily injury, shall be guilty of a felony and shall be imprisoned in the State prison not less than one year. (Added Stats.1941, c. 106, p. 1124, § 15)

4. § 671. Life imprisonment where no maximum term prescribed
Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, punishment of such offender shall be imprisonment during his natural life subject to the provisions of Part 3 of this code. (Enacted 1872. As amended Stats.1951, c. 1674, p. 3829, § 1)

The federal courts are in accord with this proposition. The applicable federal escape provision is 18 U.S.C. § 751. This section forbids escape not only of those properly in custody of the Attorney General but also of all who are confined in any penal or correctional institution pursuant to his direction, without mention of the propriety of confinement. Lucas v. United States, 325 F.2d 867 (9th Cir.)

"We are of opinion that attempts at escape from such institutions are thereby forbidden to all inmates, and that, if they consider their confinement improper, they are bound to take other means to test the question." Aderhold v. Soileau, 67 F.2d 259 (5th Cir.) cited with approval in Bayless v. United States, 141 F.2d 578, 579 (9th Cir.)

The reasoning applied in cases of escape is likewise applicable to those situations wherein a prisoner assaults a prison guard and later petitions for release from confinement based upon the invalidity of a prior conviction. The laws relating to prison conduct were enacted for the protection of prison officials and inmates alike. It is axiomatic under our judicial system that grievances are properly settled before courts which are equipped to settle such disputes and constitutionally empowered to administer the law.

Petitioner Wells is in the position of one who would not be entitled to an immediate discharge from custody, assuming a favorable decision on the Section 4502 conviction which is the only one properly before us and concerning which invalidity is asserted.

The mandate of the United States Supreme Court is clear and forceful, —— the writ of habeas corpus may not be used in the federal courts as a means of securing the judicial decision of a question which, even if determined in the prisoner's favor, could not result in his immediate release. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24 and 28 U.S.C. § 2243. To the same effect, see Crawford v. Taylor, 290 F.2d 197 (10th Cir.) wherein it was stated: "This sentence (for escape) was not affected by the validity of the sentences being served at the time of the escape, and it had not been served at the time this petition was submitted. Habeas corpus is available only when the prisoner is entitled to immediate release."

Wells should therefore pursue whatever remedies are still available to him in the state courts in accordance with the opinion of the District Court. Accordingly, the order from which this appeal was taken is affirmed.