**Billy Ancil BOYDSTON, Appellant,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Appellee.**

**No. 20457.**

United States Court of Appeals
Ninth Circuit.

Aug. 23, 1966.

Billy Ancil Boydston, in pro. per.

Thomas C. Lynch, Atty. Gen., John T. Murphy, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before JERTBERG and ELY, Circuit Judges, and FOLEY, Jr., District Judge.

JERTBERG, Circuit Judge.

Appellant, a prisoner of the State of California, imprisoned at the California State Prison at San Quentin, California, filed his petition for writ of habeas corpus in the United States District Court for the Northern District of California, Southern Division. Such court has jurisdiction to entertain a petition for writ of habeas corpus of a state prisoner under 28 U.S.C. § 2241(a).

Appellant alleged in his petition that he was arrested in the County of Los Angeles, State of California, on or about March 12, 1963. Upon his arrest he was taken to the sheriff's office where he was questioned by two deputy sheriffs concerning a burglary which had occurred in the neighborhood near where appellant was arrested; that as a result of the interrogation, appellant confessed that he had participated in the burglary of a gasoline service station and that certain articles which were taken by the officers from his camper-truck were the fruits of the burglary; and that at no time prior to his arrest or his interrogation was he advised of his right to counsel, or his right to remain silent, or that any statements made by him might be used against him at a trial. It is further alleged that at his preliminary hearing on the charge of burglary, the articles taken from his camper-truck were introduced as exhibits, and the officers testified to the confession of burglary which had been obtained during the interrogation by the officers.

At the preliminary hearing, appellant was represented by a Public Defender who elicited from the officers that the articles taken from the camper-truck were taken without a search warrant, and that at no time did the officers advise appellant of his right to counsel, and his right to remain silent. Following preliminary hearing, appellant was held to answer in the Superior Court on the charge of burglary, in violation of Section 459 of the Penal Code of the State of California.

The petition further states that appellant pleaded guilty in the Superior Court to the offense of burglary in the second degree on the advice of the Public Defender, and because of the confession which he had made to the deputy sheriffs, at which time he was unrepresented by counsel and was not advised of his right to counsel, or his right to remain silent, and was not advised that any statement made by him to the officers might be used against him at a subsequent trial, all of which precluded appellant from receiving a fair trial. Appellant was sentenced to imprisonment for a term of not less than one year nor more than fifteen years.

Appellant did not appeal his conviction. However, writs of habeas corpus filed by the petitioner in the Superior Court of the State of California, in and for the County of Marin, and in the Supreme Court of the State of California were denied.

In response to an order to show cause the appellee replied that appellant was being held in custody at San Quentin under a valid judgment and commitment of the Superior Court of the State of California, for the County of Los Angeles, dated June 7, 1963, following appellant's guilty plea to the offense of burglary in the second degree. The return further states that the above mentioned sentence runs concurrently with the sentence imposed pursuant to a valid judgment and commitment of the Superior Court of the State of California in and for the County of San Bernardino, dated December 25, 1963, in an action finding appellant guilty of escape from prison camp, without the use of force and violence, in violation of Section 4530(b) of the Penal Code of the State of California, which prescribes punishment in a state prison for a term of not less than six months nor more than five years. Such judgment and commitment prescribes that said sentence shall run concurrently with any prior, incompleted sentence being served by appellant.

The District Court denied appellant's petition on the ground that the court was without jurisdiction to grant appellant's immediate release because of his confinement under a separate and independent judgment and conviction.

Thereafter, appellant filed a petition for rehearing, and for certificate of probable cause to appeal. The petition for rehearing was denied, and the certificate of probable cause to appeal was granted.

The District Court denied the petition "on the ground that petitioner being in valid custody under the escape conviction, the decision in McNally v. Hill, 293 U.S. 131 [55 S.Ct. 24, 79 L.Ed. 238] (1934), compelled the conclusion that habeas corpus was not available to attack the earlier conviction."

The record is clear that appellant is held in custody by the State of California under two judgments of conviction and commitments, one under a judgment of conviction and commitment for the offense of burglary in the second degree, to which appellant pleaded guilty. This is the judgment of conviction which the appellant attacks in these proceedings under the rationale of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), on the ground that his guilty plea was induced or coerced by a confession elicited by law enforcement officials who failed to advise appellant of his right to counsel, his right to remain silent, and failed to advise him that any incriminating statements made by him might be used against him at a subsequent trial. It is to be noted that on June 20, 1966, in Johnson and Cassidy v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the Supreme Court decided that the ruling in *Escobedo* concerning the right to counsel upon request therefor is to operate retroactively only as to those cases in which the trial began after June 22, 1964, the date of that decision. On June 13, 1966, in Miranda v. State of Arizona and three companion cases, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Supreme Court prescribed requirements that a prisoner be informed of his right to counsel and his right to remain silent. It is held, however, that the requirements were not ap-

plicable, retroactively, prior to the date of the *Miranda* decision. Johnson v. State of New Jersey, supra. Appellant pleaded guilty on June 7, 1963, more than a year prior to the date of the decision in *Escobedo* and nearly three years before the guidelines of *Miranda* were established.

The second judgment and conviction under which appellant is being held in custody is the judgment of conviction and commitment for the offense of escape, in violation of Section 4530(b) of the Penal Code of the State of California. Appellant makes no attack whatsoever on the validity of this judgment of conviction and commitment.

On this appeal, appellant's position appears to be either that we must consider only his attack on the judgment and conviction on the burglary charge, or that his escape from imprisonment constituted no offense, and hence the judgment of conviction and commitment on that charge is invalid since the judgment of conviction and commitment under the burglary charge is void for the reasons above stated. We disagree.

In McNally v. Hill, supra, McNally was convicted on each charge contained in a three count indictment. On a petition for habeas corpus, he assailed his conviction and sentence on the third count as void. No attack was made on the conviction and sentence on the other two counts. The Supreme Court denied the writ and in the course of its opinion stated, 293 U.S. at page 137, 55 S.Ct. at page 27:

"There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law. Diligent search of the English authorities and the digests before 1789 has failed to disclose any case where the writ was sought or used, either before or after conviction, as a means of securing the judicial decision of any question which, even if deter-

mined in the prisoner's favor, could not have resulted in his immediate release. [Footnotes omitted.]"

In Aderhold v. Soileau, 67 F.2d 259 (5th Cir. 1933), it was urged that escape is justified where the imprisonment is unlawful. The court, rejecting this contention, at page 260, stated:

"A prisoner in a penal institution whose sentence is irregular or voidable may not for that reason, and before some court has so adjudged, defy his guards and run away."

In Wells v. People of State of California, 352 F.2d 439 (9th Cir. 1965), Wells was convicted of possessing a weapon while in prison, a violation of Section 4502 of the California Penal Code. While serving this sentence Wells assaulted a guard and was convicted under Section 4500 of the California Penal Code.

On a petition for writ of habeas corpus, Wells attacked only the validity of the first conviction, possession of a dangerous weapon. His counsel contended that if the first conviction is invalid, then a fortiori, the second conviction must fall. In the course of the opinion this court stated, at page 443:

"Petitioner Wells is in the position of one who would not be entitled to an immediate discharge from custody, assuming a favorable decision on the Section 4502 conviction which is the only one properly before us and concerning which invalidity is asserted.

"The mandate of the United States Supreme Court is clear and forceful,— the writ of habeas corpus may not be used in the federal courts as a means of securing the judicial decision of a question which, even if determined in the prisoner's favor, could not result in his immediate release. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24 [79 L. Ed. 238] and 28 U.S.C. § 2243. To the same effect, see Crawford v. Taylor, 290 F.2d 197 (10th Cir.) wherein it was stated: 'This sentence (for escape) was not affected by the validity of the sentences being served at the time of the escape, and it had not been served at the time this petition was

submitted. Habeas corpus is available only when the prisoner is entitled to immediate release.' "

 There has been called to our attention a decision by the Supreme Court of West Virginia, entitled State ex rel. Robison v. Boles, reported at 142 S.E.2d 55 (1965), wherein it is stated that the escape from custody of a person confined in a penitentiary under a void judgment and sentence does not constitute a crime, and conviction therefor is likewise void. We are not persuaded by such a statement. We believe such statement is contrary to the rationale of McNally v. Hill, supra, and to the views expressed by the opinion of this Circuit in Wells v. People of State of California, supra. See also Lucas v. United States, 325 F.2d 867, 868 (9th Cir. 1963); Crawford v. Taylor, 290 F.2d 197, 198 (10th Cir. 1961); Mullican v. United States, 252 F.2d 398, 403, 70 A.L.R.2d 1217 (5th Cir. 1958); Lopez v. Swope, 205 F.2d 8, 10–11 (9th Cir. 1953); Godwin v. United States, 185 F.2d 411, 413 (8th Cir. 1950).

The order appealed from is affirmed.