**Robert Bolivar DePUGH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18805.**

United States Court of Appeals
Eighth Circuit.

April 15, 1968.

Rehearing Denied May 9, 1968.

See also D.C., 266 F.Supp. 417; D.C.,
266 F.Supp. 435.

William J. Gilwee, Kansas City, Mo.,
for appellant; William H. Costello, Kansas City, Mo., on the brief.

Calvin K. Hamilton, Asst. U. S. Atty.,
Kansas City, Mo., for appellee; F. Russell Millin, U. S. Atty., on the brief.

Before VAN OOSTERHOUT, Chief
Judge, and MEHAFFY and HEANEY,
Circuit Judges.

PER CURIAM.

On January 31, 1967, defendant Robert
Bolivar DePugh was sentenced upon his
plea of *nolo contendere* to a one-count indictment alleging a violation of 15 U.S.
C.A. § 902(e), charging that he transported a revolver in interstate commerce
while under state indictment for a crime
punishable by imprisonment for a term
exceeding one year.[1]  This appeal arises

---

1. 15 U.S.C.A. § 902(e):
   "It shall be unlawful for any person
   who is under indictment or who has
   been convicted of a crime punishable

by imprisonment for a term exceeding
one year or who is a fugitive (sic)
from justice to ship, transport, or cause
to be shipped or transported in inter-

from the March 8, 1967 orders of the district court overruling defendant's timely motions for new trial and in arrest of judgment. We affirm the judgment of conviction.

■ Defendant's various arguments raise the sole issue of the sufficiency of the federal indictment. This court is not foreclosed by a plea of *nolo contendere* from considering the sufficiency of the indictment. Melrose Distillers, Inc. v. United States, 258 F.2d 726 (4th Cir. 1958). See also Jaben v. United States, 333 F.2d 535 (8th Cir. 1964). The defendant argues that § 902(e), under which he was indicted by the federal grand jury, requires a valid and legal predicating indictment as one of its elements; that the state indictment returned on August 16, 1965, and quashed on March 9, 1967, was defective; that it was null and void as it failed to allege possession of a bomb with intent to use it unlawfully against the person or property of another, an alleged essential ingredient of the Missouri statute.[2] This argument was first raised in the defendant's pretrial motion to dismiss the indictment which was overruled by District Judge Elmo B. Hunter in a memorandum and order dated January 27, 1967 and reported as United States v. DePugh, 266 F.Supp. 453 (W.D.Mo. 1967).

The state indictment pending at the time of defendant's sentence in federal court, omitting its formal parts, reads as follows:

"The Grand Jurors for the State of Missouri, duly summoned from the body of said County of Jackson, being duly impaneled, sworn and charged to inquire within and for said County, upon their oaths present and charge that at the County of Jackson and State of Missouri, on or about the 9th day of July, 1965, one ROBERT B. DEPUGH, whose more true and full name is unknown to the members of the Grand Jury, did then and there unlawfully, wilfully and feloniously have in his possession and under his control various bombs and bomb shells; against the peace and dignity of the State."

The state indictment was predicated on V.A.M.S. § 564.580, and although not in the language of the statute did charge that the defendant "unlawfully, wilfully and feloniously" had in his possession and under his control various bombs and bombshells. The experienced district judge was of the opinion that the indictment was proper and valid on its face.[3] However, on March 9, 1967, some thirty-seven days after sentencing on the federal plea, the state court quashed the indictment on motion of defendant.

The record before us does not show whether at that late date the state prosecutor resisted the motion to quash the state indictment, but under Missouri law

state or foreign commerce any firearm or ammunition."

2. V.A.M.S. § 564.580:
"Possession or control of bomb prohibited—penalty
"Every person who has in his possession or under his control a bomb or bombshell, or who carries or possesses any explosive substance with intent to use the same unlawfully against the person or property of another, is guilty of a felony, and upon conviction therefor, shall be punished by imprisonment in the penitentiary for a term of not less than two nor more than ten years. * * * provided, that this section shall not apply to the lawful possession of bombs or bombshells

by peace officers or by members of military forces in the regular discharge of their duties as such."

3. "The state indictment appears to be proper and valid on its face. It charges a state felony. One and one-half years after it was returned it has not been held invalid. The state indictment charges a violation of section 564.580 RSMo 1959 which reads in part: 'Every person who has under his control a bomb or bombshell, * * * is guilty of a felony * * * (punishable) by imprisonment in the penitentiary for a term not less than two nor more than ten years.'" United States v. DePugh, 266 F.Supp. 453, 455 n.2 (W.D.Mo.1967).

a substitute information could have been filed if the state indicment was insufficient either as to form or substance. The Missouri statute, V.A.M.S. § 545.300 provides:

"§ 545.300. Informations—amendment—substitution for defective indictment.

"An information may be amended either as to form or substance at any time before the jury is sworn, but no such amendment shall be allowed as would operate to charge an offense different from that charged or attempted to be charged in the original information. *If an indictment be held to be insufficient either as to form or substance, an information charging the same offense charged or attempted to be charged in such indictment may be substituted therefor at any time before the jury is sworn.* No amendment of the information or substitution of an information for an indictment as herein provided shall cause a delay of the trial unless the defendant shall satisfy the court that such amendment or substitution has made it necessary that he have additional time in which to prepare his defense." (Emphasis added.)

We think this statute is a complete refutation of defendant's contention for reversal, which is based on the asserted invalidity of the state indictment. The state indictment returned against defendant on August 16, 1965 carries a minimum sentence of two years. This indictment was pending when defendant was alleged to have transported the revolver from Des Moines, Iowa to Kansas City, Missouri, in interstate commerce between the dates of July 23, 1966 and August 20, 1966. The state indictment was pending when defendant entered his plea of *nolo contendere* and was sentenced to the custody of the Attorney General for a term of one year on January 31, 1967 in the district court. It was not until March 9, 1967 that the state indictment was quashed. Defendant had by this time been convicted in the present case, and also on January 17, 1967 he had been convicted and sentenced upon three counts of an indictment by trial to a jury in the same federal district court. When the state indictment was quashed, the prosecutor could have filed a substitute information to correct any defects in the indictment if he wished. We have no knowledge why the state did not substitute an information and prosecute the defendant when the indictment was quashed. The indictment pended for about fifteen months and no state action was taken. It could well have been that the state's inactivity was by reason of its knowledge of some of the federal charges as it is not uncommon for state charges to be sometimes dropped when the same defendant has been convicted or sentenced under a federal charge. Whatever the motivation, it could not have had any effect upon the validity of the federal indictment. The United States was not a party to the state proceeding and could not take any action to support the validity of the state indictment, and therefore could not be affected by the decision of the Missouri court to which it was not a party. United States v. Luros, 243 F.Supp. 160 (N. D.Iowa 1965).

We assume for purposes of this decision that the state indictment was defective, but at most it was voidable and not void because of the Missouri statute permitting substitution of an information to cure the defects. We have heretofore held in Schook v. United States, 337 F.2d 563, 567 (8th Cir. 1964), that the federal Act applied to informations as well as indictments and that:

"Congress plainly sought to protect the public by proscribing the transportation of firearms by convicted felons or those charged with felonies without attaching any significance to the procedural vehicle forming the basis of the charge. It would therefore emasculate Congress' purpose for us to distinguish between persons lawfully charged with a felony by 'information' and those charged by 'indictment.'"

There does not appear to be any reported case precisely in point challenging a conviction under federal indictment

which is based on a state indictment that is subsequently quashed. Common sense, however, dictates that federal law enforcement should not hinge on the outcome of a state charge, whether by acquittal, nolle prosequi or quashing of the indictment. If such were the law, the federal government would have to await the state trial and any appeals that might follow before federal law enforcement could be attempted. Such frustration of the federal legal processes finds no support in law or common sense. The court stated in United States v. Luros, supra 243 F.Supp. at 168:

> "The United States was not a party to the California prosecution, and its power to enforce its criminal laws cannot be affected by the decision of a state court in a case to which it was not a party."

Our view is that the rationale in Godwin v. United States, 185 F.2d 411 (8th Cir. 1950), is applicable here.[4] Defendant in *Godwin* was convicted in the federal district court of escaping from jail while being held to answer an indictment in a federal district court in Florida which was later dismissed. This court held that the subsequent dismissal of the Florida indictment did not affect the validity of the conviction for escape. See also and compare United States v. Sutton, 363 F.2d 845 (4th Cir. 1966), cert. denied, 385 U.S. 1014, 87 S.Ct. 727, 17 L.Ed.2d 550 (1967), where it was held that defendant's conviction of interstate transportation of falsely made securities was not barred by an acquittal in the state court of charges of having stolen and received the same securities.

■ The trend for many years has been to simplify procedure, particularly with respect to language used in indictments to further the ends of justice. Under Missouri law the state indictment was not void *ab initio*, but only voidable, since the indictment could have been corrected by substituting an information,

if necessary. As long as the indictment was pending in state court, violation of the federal statute by defendant subjected him to the indictment and conviction from which he appeals. All of the elements of the federal crime were included in the federal indictment since the state indictment was pending at the time of the federal indictment.

■ Section 902(e) is a part of the "Federal Firearms Act." Its adopted purpose was aptly stated by the court in Cases v. United States, 131 F.2d 916, 921 (1st Cir. 1942), cert. denied, as Velazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1942):

> "In the Act Congress sought to protect the public by preventing the transportation and possession of firearms and ammunition by those who, by their past conduct, had demonstrated their unfitness to be entrusted with such dangerous instrumentalities, and certainly no one can seriously contend that the test of unfitness which Congress established is irrelevant to this purpose."

The Missouri indictment fully apprised defendant of the state charge as therein described and to predicate a reversal of the federal conviction on inept draftsmanship or failure to substitute a more detailed averment of intent in an information, or for any subsequent disposition resulting from the state charge, would, in our view, constitute a miscarriage of justice.

We note that the sentence in this case of one year was made to run concurrently with sentences imposed in Counts I and II in case No. 18,732, presently pending in this court. The sentencing court also provided that in the event of the "overturning" of case No. 18,732, the sentence in this case was to commence when "that fact is known."

The judgment of conviction is affirmed.

---

4. See also and compare the later case of Boydston v. Wilson, 365 F.2d 238 (9th Cir. 1966).