**Juan RODRIGUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43046.**

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

P.C.; the punishment was assessed at three years and nine months in the Texas Department of Corrections.

It was alleged that appellant had been indicted for the offense of burglary at night, and while he was awaiting trial for this offense he escaped from the Cameron County jail.

The sufficiency of the evidence is not challenged. It shows that the bars were cut and appellant, along with seven others, escaped from the Cameron County jail in Brownsville on the 17th day of September, 1969.

Appellant contends that the burglary indictment pending at the time of the escape was void, because it contained an allegation that the burglary was committed on or about the 16th day of April and that the proof shows that he had been arrested and placed in jail for the offense on the 6th day of April.

Even if the indictment under which appellant was held was invalid, its validity may not be challenged in this case. One cannot test the propriety of his confinement in jail by escaping from it. See Godwin v. United States, 185 F.2d 411 (8th Cir. 1950). Remedies, other than escape, are available for procuring through legal process the release of those who are unlawfully held in custody. For a well-reasoned discussion on a case in point, see People v. Hill, 17 Ill.2d 112, 160 N.E.2d 779 (1959).

The fact that the burglary indictment ·was later dismissed does not constitute a defense to the offense of escape from jail. Godwin v. United States, supra. See also 70 A.L.R.2d 1430, Sec. 11.

Complaint is made that the trial court erred in admitting into evidence the capias, the precept to serve the indictment and the indictment in the burglary case, because other evidence showed that he was in jail and had been indicted and that the indictment was introduced merely to show the

Galindo & Davidson, by Jerry Davidson, Brownsville, for appellant.

F. T. Grahjam, Dist. Atty., A. G. Betancourt and Menton Murray, Jr., Asst. Dist. Attys., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for escape from jail as denounced by Article 353b, Vernon's Ann.

jury the second paragraph which alleged that he had been previously convicted.

To support a conviction for escape from jail, the State must prove that the defendant was formally charged and in custody. The indictment, capias and precept to serve the indictment were admissible to prove two of the main issues in the case. See Rae v. State, Tex.Cr.App., 423 S.W.2d 587. The fact that the burglary indictment contained a paragraph which alleged the prior conviction for enhancement did not render the indictment inadmissible.

No error is shown.

Next, appellant urges that the court erred in overruling his motion for new trial based on alleged jury misconduct.

Appellant's motion was based on the affidavit of one of the jurors which stated that she voted for a verdict of guilty, because the evidence showed that appellant had been previously convicted. The affidavit shows no error; even if it did, it cannot be considered as a part of a motion for new trial because it was sworn to before appellant's attorney. Reno v. State, Tex.Cr.App., 403 S.W.2d 799. The matter is not before us for review.

No reversible error is shown.

The judgment is affirmed.