## State of Vermont v. James Polidor

[274 A.2d 477]

No. 136-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1970

*Frank G. Mahady,* State's Attorney, and *Paul F. Hudson,* Deputy State's Attorney, for the State.

*Joseph A. DeBonis,* Poultney, for Defendant.

**Shangraw, J.** This is a petition for a writ of *habeas corpus* brought to the Windsor County Court. The petition was denied, and this appeal followed.

On September 4, 1969, the petitioner was arrested on complaints issued by the State's Attorney of Windsor County. In one complaint he was charged with setting fire to the shop and laundry building at the Vermont State Prison, a violation of 13 V.S.A. § 502. In the second complaint, the petitioner was charged with conspiring with others to burn the same building, a violation of 13 V.S.A. § 1401.

Following arraignment, September 5, 1969, before the District Court of Vermont, Unit No. 6, Windsor Circuit, respondent filed motions to dismiss the complaints which were denied by the court.

The record reveals that on date of arraignment, bail was fixed at $10,000.00 in each case and not furnished by respondent.

On October 9, 1969, and before trial of these offenses, the petitioner filed his petition for a writ of *habeas corpus,* claiming defects in the information upon which he was arraigned and in the bail procedures at the time of his arraignment.

■ At the time of respondent's arraignment in the Windsor District Court, the disposition of the motions therein filed, and the subsequent denial of the writ of *habeas corpus* on October 10, 1969, the petitioner was serving sentences in the House of Correction in Windsor, Vermont, for the following offenses: Breach of Peace, sentenced February 20, 1968 to a term of 1–3 years, and a violation of probation, sentenced February 20, 1968, to a term of 3½ years.

The petition for the writ of *habeas corpus* did not, in any way, challenge the legality of these prior convictions and confinement. The execution of these sentences remains in full force and effect.

■ ■ *Habeas corpus* is available only when the prisoner is entitled to immediate release. *Crawford* v. *Taylor,* 290 F.2d

197, 198 (10th Cir. 1961). It is only available in situations where discharge from custody will result from the granting of the writ. *Brown* v. *Beto*, 377 F.2d 950 (5th Cir. 1967).

The United States Supreme Court stated the controlling principle in *McNally* v. *Hill*, 293 U.S. 131, 137, 55 S.Ct. 24, 27, 79 L.Ed. 238 (1934):

> "There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention and no suggestion of such a use has been found in the commentaries on the English common law."

As stated in *Wells* v. *People of the State of California,* 352 F.2d 439, 443 (9th Cir. 1965). "The mandate of the United States Supreme Court is clear and forceful, . . . the writ of *habeas corpus* may not be used in the federal courts as a means of securing the judicial decision of a question which, even if determined in the prisoner's favor, could not result in his immediate release."

The petition for the writ was properly denied by the court.

*Order denying the petition for a writ of habeas corpus is affirmed.*